# MARCH 8, 1933

## T. G. BECKHAM V. THE STATE.

No. 15611. Delivered March 8, 1933.
Reported in 58 S. W. (2d) 102.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for the manufacture of intoxicating liquor; the punishment, confinement in the penitentiary for one year and six months.

Officers waited near a still which was located on a place adjoining appellant's farm. In a few minutes Fred Sullivan came to the still. A little later appellant appeared. The officers testified that appellant had some wood in his arms, a part of which he used to build a fire under the still. One of the officers testified that appellant poured some mash into the still, and that he also stirred the mash in one of the barrels. When the officers made their presence known, appellant ran away. It appears that Sullivan stayed at appellant's home. Appellant did not own or control the property on which the still was located.

Sullivan testified that the still belonged to him, and that appellant had no interest in it and had not aided him in any way in manufacturing intoxicating liquor. In short, his testimony, if believed by the jury, would have exonerated appellant. Appellant declared that he went to the still for the purpose of getting some whisky. He denied that he had any interest in the still and said that he was not in any way connected with Sullivan in the possession of the still or the manufacture of whisky. He admitted that he might have placed a stick of wood in the fire, but denied that he placed any mash in the still. It appears that Hershel Ives was also connected in some manner with the still, Sullivan's testimony being to the effect that Ives had helped him run some of the whisky, in consideration of receiving a part of it. Sullivan testified that appellant had come with Ives for the purpose of getting a gallon of whisky.

Bills of exception 17 and 18 will be considered together. As disclosed by bill of exception 17, appellant lived on a place adjoining the property where the still was located. There was no evidence that any intoxicating liquor had ever been seen at appellant's home or that he had ever stored any intoxicating liquor there. There was no fact in evidence from which the inference might be drawn. In his closing argument, the district attorney used language as follows: "The truth is every gallon of whisky made at that still was stored in Tol Beckham's (appellant's) house."

Appellant timely and properly objected to the argument, and the court instructed the jury not to consider it for any purpose. Further, appellant's written requested instruction on the subject was given to the jury.

In bill of exception No. 18 it is shown there was no proof that appellant had ever been convicted of a felony in this or any other state. His general reputation for being peaceable and law-abiding was not in issue. He did not file an application for a suspended sentence, although there was nothing in the evidence showing that he could not have filed such application had he so desired. In his closing argument to the jury, the district attorney used language as follows: "The defendant in this case did not file an application for a suspended sentence and I could tell you why he did not, but I won't."

This argument was timely and properly objected to and the court instructed the jury not to consider it, and gave appellant's written instruction on the subject.

It is clear that the remarks embraced in the first bill of exception constitute a statement of fact by the district attorney. Testimony to the effect that appellant was storing whisky in his house would have greatly strengthened the state's case. In his remarks, the district attorney, although unsworn as a witness, supplied testimony obviously calculated to destroy appellant's defense. There being nothing in the evidence to support the statement, it was clearly unwarranted.

As to the second bill of exception, appellant could not have received a suspended sentence if he had theretofore been convicted of a felony in this or in any other state. The jury did not know from the evidence in the case why appellant had not filed an application for a suspended sentence. The district attorney evidently knew for he told the jury that he did. It is true that he stated to the jury that he would not tell them. Nevertheless, his statement was susceptible of the construction that appellant had theretofore been convicted of a felony and was precluded by the statute from receiving a suspended sen-

tence. In any event, it cannot be said that the statement of the district attorney might not have led the jury to the conclusion that there had been some misconduct on the part of appellant which prevented him from seeking a suspended sentence.

The issue of guilt was closely contested. Appellant received six months above the minimum penalty. Considering the two bills of exception together, we are unable to reach the conclusion that the withdrawal of the remarks of the district attorney saved appellant from harm. It is the rule that, if the argument is of such nature as to be obviously hurtful and prejudicial, it will call for reversal notwithstanding the fact the court instructed the jury to disregard such argument. Branch's Annotated Penal Code, sec. 362; Miller v. State, 36 S. W. (2d) 158; Smith v. State, 44 Texas Crim. Rep., 137; McKinley v. State, 52 Texas Crim. Rep., 182; Boyd v. State, 108 Texas Crim. Rep., 221.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.