## W. P. HERMS v. THE STATE.

No. 17744.   Delivered November 6, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*Mathis, Thomas & Glover,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for murder without malice; punishment, two years in the penitentiary.

The record is before us without any bills of exception, save one taken to the action of the trial court in declining to give a peremptory instruction of not guilty. We think the court justified in his refusal of appellant's motion for an instructed verdict.

We are not able to say that the testimony in this case was not sufficient to justify the jury in their conclusion of guilt. Deceased was a young man, who occupied a room in the hotel kept by the appellant in the town of Hempstead, on the night before the killing. It seems that appellant made some concession to the deceased and let him have a room cheaper than was his custom, based on the fact that he inferred from a statement made by deceased that the latter had no money. He testified that having reduced the price of the room, he was surprised when deceased produced a roll of paper money and paid for the room. Appellant testified that early the next morning he was awakened by hearing the deceased walking around in his room, which seems to have been directly over that occupied by appellant. Another adjoining room to that of deceased was usually occupied by two railroad men who were not in the room that night. Appellant testified that he heard deceased go into the room of said men and come out of same, and that deceased shortly thereafter came down an outside stairway and jumped off the porch and went away. Appellant said he suspected some improper conduct on the part of deceased and dressed himself and went upstairs and into the room occupied by deceased during the night. He found everything in there all right except a towel was gone. He then went into the room of the railroad men, but could find nothing missing or gone as far as he could tell in there. He said he then made up his mind he was going to go over to the sheriff's home at the jail and arouse the sheriff and start him out in search of deceased. He further testified that before going to the sheriff's home he put his pistol in his pocket and started to the jail. On his way he said he unexpectedly encountered deceased, who had a bundle wrapped up in some paper. He accused deceased of stealing the towel in question, and told the deceased that he would have to arrest him, and took from deceased the bundle and started toward the sheriff's home at the jail. His claim was that as they walked along, he having hold of the arm of deceased, the latter tried to get the bundle referred to away from appellant, and then struck at him, and that in a scuffle that ensued the pistol was

accidentally discharged, and deceased was shot near the heart and died in a very short time. Parties who heard the shooting came quickly to the scene, and appellant told them he had shot a man, and asked them to get a doctor. On the trial of appellant, and while he was on the witness stand, it was developed that he had been before indicted and tried for murder. The State's attorney asked the question, as we understand the record, of appellant if he had not been tried for assault to murder, and appellant replied that he had been tried for murder. No complaint is made of the charge of the court, or of any testimony that was introduced. We are not able to agree with appellant's claim that the testimony does not show such state of facts that would justify the jury in finding him guilty of murder without malice.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that his bill of exception number two complaining of argument of the district attorney should be considered, notwithstanding same does not bear the approval of the trial judge. Under the circumstances shown by the record we are not able to agree with counsel in such contention. However, we find it unnecessary to discuss the reasons for our disagreement because, if considered, the bill fails to show that objection to the argument was interposed at the time the argument was made. The record indicates that the trial court was not apprised of any objection to the argument until appellant's amended motion for new trial was presented. This was entirely too late. The court should have been apprised of the objections when the argument was made. We quote from the 4th Volume of Texas Jurisprudence, Section 41, pages 63 and 64: "Orderly procedure demands that a complaint that counsel in his argument to the jury has transcended legitimate bounds should be addressed to the trial judge, so that he may determine its propriety and counteract any injustice that may portend, and that the offending counsel himself may be accorded opportunity to withdraw any objectionable remarks. It follows that unless a timely and proper objection is made a defendant on appeal will not ordinarily be heard to complain. He is tardy if he does not object until the conclusion of the argument, until he makes a motion for a new trial, or until he prepares a bill of exception after the trial."

Many authorities are cited which support the text, among them being Harris v. State, 93 Texas Crim. Rep., 544, 249 S. W., 485; Simmons v. State, 93 Texas Crim. Rep., 421, 248, S. W., 392.

The motion for rehearing is overruled.

*Overruled.*