D. B. (BURL) SCOTT v. THE STATE.

No. 18507.   Delivered November 4, 1936.
On the Merits December 16, 1936.
Rehearing Denied May 26, 1937.

518

The opinion states the case.

*Tom R. Mears*, of Gatesville, *Callaway & Callaway*, of Brownwood, and *Dan Moody*, of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 10 years.

We find no recognizance in the record, although there is a statement in the transcript to the effect that such recognizance was taken. Under the circumstances, this court is without jurisdiction to pass on the merits of the case. See Warrick v. State, 268 S. W., 1118.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Herman Wheat by shooting him with a gun.

The homicide occurred on the 23rd of June, 1934, near the home of appellant. According to the version of the State, the act of appellant in shooting deceased was unprovoked and unjustified. Appellant testified that he believed deceased was preparing to kill him and that he shot him in self-defense. He also testified as to communicated threats on the part of deceased to take his life. It was in evidence that deceased courted appellant's sister prior to the time he had secured a divorce from his wife, and that shortly after a divorce had been granted, he and the sister of appellant married. Appellant objected to the marriage, and, from the time that deceased began paying attention to his sister until the day of the homicide, he and deceased were not on friendly terms.

The first bill of exception recites that a witness for the State was permitted to testify, over appellant's objection, that she was present when deceased married appellant's sister. The qualification appended by the trial judge to the bill of exception reflects that appellant testified that he knew that deceased and his sister had married. Error is not shown.

Bill of exception No. 2 is concerned with the refusal of the court to permit a witness for appellant to testify that appellant stated to him after the homicide, in effect, that he was compelled to kill deceased to save his own life. The trial judge's qualification to the bill recites that the evidence showed the alleged declaration of appellant was made approximately thirty minutes after the homicide. There is nothing in the bill of exception to show that the statement was spontaneous. The qualification indicates that the declaration lacked the essential characteristic of instinctiveness. Hence it was not admissible as res gestae. Branch's Ann. P. C., Sec. 84; Shaffer v. State, 151 S. W., 1061; Brown v. State, 44 S. W., 174. It follows that the court properly sustained the State's objection to the effect that the declaration was self-serving and, therefore, inadmissible.

Branch's Ann. P. C., Sec. 90; Harmon v. State, 3 Tex. App., 51; Wood v. State, 12 S. W., 405; Little v. State, 61 S. W., 483; Smith v. State, 81 S. W., 936.

We think bill of exception No. 3, in which complaint is made of the action of the trial court in refusing to permit appellant to introduce a map purporting to show the location of the roads, fences and gates near the scene of the homicide, fails to reflect reversible error. There is nothing in said bill to show that the map was calculated to aid the jury in solving any issue in the case.

It is shown in bill of exception No. 4 that a witness for appellant testified on cross-examination that some time prior to the homicide she had loaned appellant her truck; that there was no pistol in the truck at the time; that when appellant returned the truck she found a pistol in it, which was concealed in a pasteboard box. It is further shown in the bill that the witness did not know who put the pistol in the truck. If it should be conceded that the court should have responded to appellant's request to instruct the jury to disregard the testimony of the witness, it is observed that appellant testified on cross-examination, without objection, that from the time his sister married the deceased in 1931 he had carried a pistol in his automobile for the purpose of protecting himself against deceased. He said: "I don't know what percent of the time I carried that gun. I couldn't say the percent. I expect I carried it half the time." In view of this admission, we would not feel warranted in holding that the reception of the testimony reflected in the bill of exception should work a reversal of the judgment.

It is reflected by bill of exception No. 5, as qualified, that the State proved, over appellant's objection, that appellant stated to his sister prior to her marriage to deceased that she was not competent to choose her husband. In view of appellant's testimony to the effect that he had endeavored to keep his sister from marrying the deceased, we are of opinion that the bill fails to reflect error.

As disclosed by bill of exception No. 6, appellant testified that he had objected to the marriage of deceased and his sister, not only because deceased had a divorced wife and small children dependent upon him, but also because of the fact that deceased had mistreated his first wife and their children. Over appellant's objection, the wife of deceased testified, in response to questions by one of counsel for the State, that deceased had been kind and courteous to her during the time of their mar-

riage. This testimony was objected to by appellant. However, the witness testified, without objection on the part of appellant, as follows: "He was kind and affectionate to me. He made me a good husband." Thus it appears that, without objection, she gave substantially the same testimony as that complained of in the bill of exception. Under the circumstances, reversible error is not presented. We quote from 4 Tex. Jur., 587, as follows: "It is a general rule also that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony or by evidence which was not objected to, * * *." In support of the text many authorities are cited, among them being Hathcock v. State, 16 S. W. (2d) 821. See also Lawler v. State, 9 S. W. (2d) 259.

Bills of exception 7 and 8 show that witnesses for appellant testified that in conversations they had with deceased he had threatened to take the life of appellant. In addition to proving these threats, appellant offered to prove what the witnesses said to the deceased at the time. In bill 7 it is shown that the witness would have testified that he advised deceased to go to Mexico, if necessary, in order to avoid having trouble with appellant. In bill 8 it is certified that the witness would have testified, if permitted, that he advised deceased to avoid any trouble with appellant. We are unable to agree with appellant that it was necessary for the jury to know what the witnesses said to the deceased in order to intelligently understand and comprehend their testimony to the effect that deceased had threatened appellant. It follows that we are of opinion the bills of exception fail to reflect reversible error.

It is shown in several bills of exception that appellant sought to prove that deceased was generally reputed to be a man of brutal and cruel disposition. Again, in other bills it is set out that appellant was not permitted to prove that deceased bore the general reputation of mistreating his first wife. We know of no authority—and appellant cites none—holding that such proof is admissible; and we are of opinion that the court properly sustained the State's objection.

In bill of exception 23 it is shown that a witness who had testified that appellant's general reputation as a peaceable and law-abiding citizen was good was asked on cross-examination whether he would entertain the same view if he had heard that appellant had threatened to kill deceased. The witness answered that he had heard of the incident, and that his opinion that appellant was a peaceable and law-abiding citizen was unchanged. Conceding that the question was improper, we are unable to

see how appellant could have been injured. The jury had heard the testimony to the effect that appellant had threatened deceased. Moreover, they heard the witness maintain his opinion. Again, without objection on the part of appellant, substantially the same questions were propounded to other character witnesses. Under the circumstances, reversible error is not presented.

Appellant brings forward a bill of exception in which he complains of the argument of one of counsel for the State. It is shown in the bill that appellant failed to object to the argument at the time it was made, and that he failed to complain until after he had been convicted. If appellant desired to object to the argument of counsel he should have interposed his objection at the time it was made. This court has committed itself to the proposition that ordinarily objection to an argument must be made at the time it occurs in order that the attorney making it may, if he sees fit, withdraw or explain it. Carpenter v. State, 61 S. W. (2d) 849.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—During the argument counsel for the State used language which is claimed to have been obviously harmful, and upon which we are urged to predicate a reversal. No objection was made to the argument at the time and the trial court was not requested to take any action thereon. So far as the record shows the trial court was not aware of any objection to the argument until the bill of exception complaining of it was presented to him seventy-five days later.

We have held many times that to be available objection to argument must be made at the time of the argument. Harris v. State, 93 Texas Crim. Rep., 544, 249 S. W., 485; Salinas v. State, 18 S. W. (2d) 663; Thompson v. State, 116 Texas Crim. Rep., 437, 34 S. W. (2d) 250; Crowley v. State, 117 Texas Crim. Rep., 372, 35 S. W. (2d) 437; Herms v. State, 87 S. W. (2d) 717. Article 2237, R. C. S., relating to bills of exception,

524

provides that either party who during the progress of a cause is dissatisfied with "any ruling, opinion or other action of the court *may except thereto at the time the said ruling is made or* announced or such action taken."

It is insisted, however, that if the argument is so obviously harmful that its effect could not be controlled by the court directing the jury to disregard it that there is then no necessity for any objection being urged at the time the argument is made. In support of such contention we are cited by appellant to Richardson v. State, 127 Texas Crim. Rep., 479, 77 S. W. (2d) 215; Beckham v. State, 123 Texas Crim. Rep., 108, 58 S.. W. (2d) 102, and quite a number of other cases. All of these cases have been examined. Most of them turn upon the proposition that it was not necessary for accused to preserve his point on account of his failure to request the court to direct the jury to disregard the argument complained of because it was obviously harmful, but an examination of the opinions relied on by appellant will show that in practically every instance it is recited in the opinion that timely and proper objection was made to the argument upon which the exception was predicated.

Another matter presented in appellant's motion for rehearing is a claimed error of the court in excluding the statement made by appellant to a witness claimed to have been a res gestate statement. We have again examined the bill and find no recitals therein which would in any way rebut the presumption obtaining that the ruling of the court in excluding the evidence was correct.

The other matters presented in appellant's motion for rehearing have been investigated a second time and are not thought to present any error upon which a reversal may be predicated.

The motion for rehearing is overruled.

· *Overruled.*