### GILBERT FRANCIS O'BRIEN· V. THE STATE.

No. 21368. Delivered December 18, 1940.

The opinion states the case.

*McCraw & Holt,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for robbery, punishment assessed being thirty years in the penitentiary.

S. F. Little was alleged to have been the victim of the robbery. The evidence shows that on April 4th, 1940, appellant appeared in Little's room and exhibited a pistol and robbed Little of $1,700.00 and a diamond ring of the value of $1,000.00. Two or three weeks after the robbery appellant was arrested at the Highlander Apartment. Present with appellant at the time of his arrest was a girl, who was identified as the same girl who was present at appellant's trial. When the officers entered appellant's apartment he ran into the front room and towards a table in the drawer of which was a pistol, which the officers secured. Appellant said to one of the officers making the arrest if he (appellant) could have gotten to his gun—appellant called it a "rod"—before the officers got there "it would have been a different story."

The indictment contained two counts, the first charging robbery by the use and exhibition of a pistol, the second charging ordinary robbery by assault and violence and by putting Little in fear of life and bodily injury. When the case was called for trial the State abandoned the first count. Appellant went to trial without being represented by an attorney. The trial court certifies as follows: "The court offered to appoint this defendant counsel and almost insisted that he have counsel, but he stated that he could represent himself and so desired."

The record shows that he did cross-examine the State's witnesses, and examined witnesses called by himself, and argued his case before the jury. Mention is now made of the circumstances just recited in view of what happened later.

After his conviction appellant did secure an attorney who presented a motion for a new trial. None of the things now sought to be urged as errors was complained of or even mentioned in said motion.

Three bills of exception in the record were filed too late. Appellant seeks to have the case reversed on the ground that without his own or his attorney's fault he has been deprived of his bills, or, on the other hand, to have the bills considered notwithstanding the delayed filing.

It appears that when appellant's motion for new trial was overruled the attorney then representing him asked if he could have additional time in which to file bills of exception, and the court instructed counsel that after the 30 days allowed by law had elapsed if he would file a written request for additional time 60 days more would be granted. The trial judge evidently overlooked the fact that after the 30 days allowed by the statute (Art. 760 C. C. P., subdivision 5) had expired he was without authority to then make an extension order, but that it was required to be made within the 30 days allowed by the statute. Buckley v. State, 108 Texas Cr. R. 316, 300 S. W. 67; Stevenson v. State, 110 Texas Cr. R. 383, 10 S. W. (2d) 548, and cases therein cited; see also Sec. 301, page 436, 4 Texas Jur. and cases cited in Note 19 under said section. It further appears from the record that counsel then representing appellant never at any time, either before or after the expiration of the statutory 30 days, asked for a further extension. If such a request had been made appellant would have been in a much more favorable light before this Court in asking consideration of bills delayed in filing.

Attached to two of the bills of exception is a copy of the entire statement of facts, it apparently being the position of attorneys now representing appellant that it was necessary to make the statement of facts a part of the bills in order to exhibit the claimed error, and that said statement of facts was delayed in preparation without fault chargeable to appellant, and that this would excuse the delayed filing of the bills. Appellant is in no better position regarding the delay in preparation of the statement of facts than he is about the absence of extension orders about the bills of exception. The statement of facts was filed within the 90 days provided by Art. 760 C. C. P. for filing statement of facts, but as an aid to bills of exception it is another question. In the first place, we can see no good reason why it was necessary to encumber the record by making the statement of facts a part of said bills. Regarding the delay in preparation of the statement of facts: The record shows that the motion for new trial was overruled on June 28th. On July 20th the then counsel for appellant filed an affidavit to secure a free statement of facts .The trial court made the order therefor on the same day. It appears from the uncontroverted affidavit

of the court reporter that he had ample time to prepare the statement of facts, but that he was told several times by the then counsel for appellant that there was no hurry about the matter and that he (the then counsel) thought he could get the money to pay for the record; that he (the court reporter) was informed by present counsel for appellant on August 24th that they had been employed to appeal the case and wanted the statement of facts; that he prepared and delivered it to them on August 28th. The cause for any delay in preparation of the statement of facts is apparent from the foregoing recital.

The bills of exception were not presented to the trial judge until the 3d day of September. They were qualified, approved and filed on September 4th. The bills might be dismissed without further comment because filed too late.

However, if considered, the bills present no error of which this Court may properly take cognizance. The recitals in the bills do not claim to show that any objection was made to the introduction of the evidence nor to the argument of counsel now sought to be complained of. In regard to bills two and three relating to argument of counsel for the State, the trial court certifies that "at no time during the argument of counsel for the State did the defendant make any character of objection or exception to the argument." All that may be said of the bills is that they recite certain things as having occurred during the trial which might have been subject to objection. We observe nothing in bill number one regarding evidence of the recovery of the ring taken at the time of the robbery which was improper even had objection been interposed.

Some things were perhaps said in the argument which would have been better omitted, but it is too firmly settled now to call for further discussion that to avail an accused argument must be objected to at the time it is made. Weige v. State, 81 Texas Cr. R. 476, 196 S. W. 524; Spears v. State, 91 Texas Cr. R. 51, 237 S. W. 270; Simmons v. State, 93 Texas Cr. R. 421, 248 S. W. 393; Harris v. State, 93 Texas Cr. R. 544, 249 S. W. 485; Herms v. State, 129 Texas Cr. R. 448, 87 S. W. (2d) 717; Salinas v. State, 113 Texas Cr. R. 142, 18 S. W. (2d) 663; Smith v. State, 104 Texas Cr. R. 616, 286 S. W. 223; Thompson v. State, 116 Texas Cr. R. 437, 34 S. W. (2d) 250; Crowley v. State, 117 Texas Cr. R. 372, 35 S. W. (2d) 437. In Scott v. State, 132 Texas Cr. R. 517, 105 S. W. (2d) 242, it was insisted that if the argument was so obviously harmful that its effect could not have been controlled by an instruction

to disregard it there would be no necessity to object at the time the argument was made. This court declined to follow said suggestion but adhered to the rule that objection must be interposed when the argument was made, citing many of the cases listed above, and quoting in part Art. 2237 R. C. S. The Scott case has been cited with approval in Morgan v. State, 135 Texas Cr. R. 76, 117 S. W. (2d) 76; Coy v. State, 136 Texas Cr. R. 79, 123 S. W. (2d) 894. The rule should not be changed because appellant had no attorney. In this particular case appellant had declined the trial court's offer to appoint counsel to represent him. The sympathy of the court might be with an unfortunate accused unable to secure counsel, but it would scarcely be a salutary holding to announce that such condition would justify a variance from the rules of orderly procedure.

The judgment is affirmed.