FLORENCE LEE V. THE STATE.

No. 22865. Delivered May 17, 1944.

The opinion states the case.

*Cline & Cline,* of *Wharton,* for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant challenges the sufficiency of the evidence to justify and sustain her conviction. We have read the statement of facts very carefully and reached the conclusion that her contention is without merit.

By Bill of Exception No. 1 appellant complains of the following remarks by the District Attorney in his argument to the jury, to-wit:

"She told them: 'I have shot Alley'— and they said Alley was Alfred Lee, her husband. * * * They told you this: She said: 'I shot him because he hit me with a lamp'."

Appellant objected to the remark: "'I shot him because he hit me with a lamp," on the ground that there was no testimony in the record which shows that she shot him because he hit her with a lamp; that the testimony was that he knocked her in the head with a lamp, whereupon the District Attorney remarked: "I should have said: 'He knocked her in the head' instead of 'He hit her with a lamp'." To which counsel for appellant retorted: "She did not say that the reason she shot him was because he hit her with a lamp." The record discloses that while she was testifying in her own behalf, she made the following statement:

"My husband came through the house and he had pulled off his top shirt, and he asked me for his underclothes—he was fixing to take his bath—and I told him that they were on the bed, and asked him what undershirt he wanted, and he said: 'You know what I want,' and shoved me against the door; and then he asked me: 'Don't I like it', and I told him: 'No', and he said: 'God damn you, then', and gave me about three licks up side of the head with his fist. * * * He then got the lamp and hit me across the head with it, * * * and the lick broke the lamp and spilled oil all over me and all over the floor, and the lick cut my head. * * * When he hit me with that lamp, it knocked me crazy. * * * I was not doing anything to my husband when he hit me with that lamp. * * * When I came to myself, I got up and got the gun; I was going to go down there with my daddy; I was going to quit him. * * * That was a double-barreled shotgun that I took. * * * Both barrels of it were loaded. * * * I was going to take that gun with me for protection against my husband. I was scared of him. I didn't know at that time where my husband was, and I didn't know where he was until he later hollered at me. * * * I got around somewhere between the car shed and the porch when my husband hollered at me and asked me where I was going; and I told him I was going to my daddy's, and he told me if I left there he would take a piece of iron and beat my brains out, so I just whirled and shot him and ran. * * * When he hollered at me and wanted to know where I was going, I told him that I was going to my daddy's, and he said: 'If you leave here, God damn you, I will take a piece of iron and beat your brains out,' and then I whirled and shot and ran."

We think the remark of the District Attorney in his argument to the jury was substantially in accord with the appellant's testimony and was a reasonable deduction therefrom. We see no harm that could have resulted to her from the remarks complained of. We therefore overrule Bill of Exception No. 1.

By Bill of Exception No. 2 she complains of other argument of District Attorney. The bill is qualified by the trial court, who states in his qualification that there was no objection to said argument. The bill, as thus qualified, was accepted by the appellant and she is bound thereby. The bill, as qualified, fails to reflect any error.

This court has consistently held that unless the argument is objected to at the time it is made, it will not be any ground for a reversal of the judgment. See Reeves v. State, 167 S. W. (2d) 176; O'Brien v. State, 145 S. W. (2d) 881, and authorities there cited.

Bill of Exception No. 3 is similar to Bill No. 1, and what we have said in disposing of that bill also applies with equal force to bill No. 3.

The court, in his charge to the jury, instructed them as to the law on every issue that was raised by the evidence, although the evidence on some of the issues was very meagre. Furthermore, appellant urged no objections to the charge.

All other matters complained of have been carefully examined by us and found to be without merit.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.