## EDGAR L. DOTSON V. THE STATE.

No. 23182. Delivered November 7, 1945.
Rehearing Denied January 9, 1946.
Appeal to Supreme Court of United States.
Order Staying Mandate Pending Application to the Supreme Court of the
United States for Writ of Certiorari Filed January 9, 1946.
Motion to Extend Stay of Mandate Thirty Days from March 9, 1946,
Granted February 2nd, 1946.

The opinion states the case.

*A. A. Kern* and *Preston P. Reynolds*, both of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of murder. The punishment is assessed at death.

Appellant's first complaint relates to the action of the trial court in declining to permit him to introduce in evidence what he terms "certain records" of the Parkland General Hospital relating to his presence there and the treatment of him which he believes would show a chronic spinal condition that likely contributed to his mental status at the time of the commission of the offense. The remainder of the bill consists mainly of an extended argument. The court qualified this bill and in his qualification states that the witness, Marjorie Jones, was called by the defendant and testified that she was not in charge of the records at the hospital; that Miss Smith was; that no proof was offered to show that the records tendered were authentic; that the entries appearing therein were made by various persons, were signed by a single name, and failed to show whether made by a doctor, nurse or janitor; that the witness did not know when they were made nor that they were accurate. The court sustained the State's objection to the proffered records on the ground that a proper predicate had not been laid for the intro-

duction thereof in evidence. However, the court advised appellant's counsel at the time of his ruling that in the event a proper predicate was subsequently laid, he would then admit the records. The bill, as thus qualified, was accepted by appellant and as qualified fails to show any error. There is nothing in the bill which shows what the records reflected further than the statement that appellant believed that they would show evidence of a chronic spinal condition which likely contributed to his mental status. The records are not incorporated in the bill or made a part thereof. In the absence of any showing as to what the records reflected, we are not in a position to appraise the merits, if any, of the bill and fail to perceive any error in the court's ruling.

Bill of Exception No. 2 shows that in the concluding argument, Preston P. Reynolds, counsel for appellant, requested the jurors, the court and spectators, to bow their heads and join him in prayer to which State's counsel objected, which objection was sustained by the court. This bill is also qualified, and in his qualification thereof the court states that counsel for appellant did not object to the ruling and took no exception thereto. It is incumbent upon appellant to interpose an objection to the ruling and take an exception at the time the same is made, in the absence of which nothing is presented for review. An accused cannot sit quietly by during the argument and await the result of the juror's deliberation and then, for the first time, complain thereof in his motion for a new trial.

Bill of Exception No. 3 reflects that the Assistant District Attorney, in his closing argument to the jury, among other things, said: "Of course, you know that I have no objection to anybody engaging in prayer. * * * What I objected to was counsel dramatizing the situation here in the trial of a case. * * * And the very fact that his Honor sustained my objection bears me out in that statement. * * * He (counsel) did not discuss with you the facts of the case. He talked about everything but the issues. * * * Now, you know there is only one issue in this case for you gentlemen to decide on and that is whether or not this man was insane at the time he committed this offense. * * * You know, I have an inherent suspicion of these scripture-quoting preacher lawyers."

Appellant's counsel called upon the court to stop the District Attorney, to which the court promptly responded. Thereupon, the Assistant District Attorney proceeded to make the following remarks:

"This, man, he told you in the beginning that he knew nothing about the facts in this case. He didn't even know the defendant until he came down here Monday morning, so he said. He represented himself as being on a mission of mercy, an angel of mercy, if you please, who has swooped in here to subdue you and hypnotize you, and awe you with his eloquence, and probably scare you by reading a few passages of Scripture."

The court qualified this bill and in his qualification thereof states that no objection was made by counsel for appellant to the remarks last quoted and no exception was reserved to the court's ruling. The bill, as thus qualified, fails to reflect any error. See Stewart v. State, 188 S. W. (2d) 167; O'Brien v. State, 140 Tex. Cr. R. 489, and authorities there cited.

Bill No. 4 complains of the conduct of the Assistant District Attorney, while addressing the jury, in calling a certain juror by name. Appellant contends that this was taking advantage of him because counsel could not register his objection inasmuch as said remarks were not officially reported by the stenographer at the time. The court qualified this bill and in his qualification states that he had no recollection of the Assistant District Attorney singling out any of the jurors by name. Therefore, he could not certify that such happened but would certify that if such argument was made, neither the defendant nor his counsel made any character or kind of objection thereto; that he distinctly remembered that no objections were made by the defendant or his counsel to any of the argument of the Assistant District Attorney, Mr. Kenney. This bill, with the qualification, was approved by the court and returned to defendant's counsel, who later brought it back to the court and laid it on his desk without any notation thereon or exception thereto. Thereupon the court had it filed, believing that appellant was satisfied with it. Thereafter appellant filed a bystanders' bill. This bill is controverted by the State in the manner and form required by law. However, in considering both of the bills, we do not find any error reflected in either.

Appellant also contends that the evidence is insufficient to sustain his conviction. The State's evidence shows that one witness, who lived next door to where the offense occurred, saw appellant strike a woman with a hammer and when she called the police he departed from the scene of the homicide. He went immediately to the police station, reported what he had done and told the officers where he had placed the hammer with

which he committed the offense. The officers, upon their arrival at the scene, found the deceased, with her skull crushed, lying in a pool of blood, and the hammer was lying under the bed where appellant said he had placed it. These facts are not even controverted. Appellant's only plea was that of insanity by which he sought to excuse or relieve himself of responsibility for the act which he had committed. Thus, an issue of fact was formed which the jury decided adversely to him, and we would not be authorized under the evidence to set aside the jury's finding on that issue.

In his motion for new trial appellant contends that the indictment is wholly insufficient. We have examined the same but are unable to agree with his contention. The indictment charges that on the 19th day of August, 1944, Edgar L. Dotson, in the County of Dallas and State of Texas, did then and there unlawfully and voluntarily and with his malice aforethought, kill Ruby Dotson, "by then and there beating and striking the said Ruby Dotson with a hammer." It is appellant's contention that since the indictment fails to charge the kind and character of hammer used in committing the offense, it is insufficient upon which to predicate a prosecution in that it does not allege whether it was a claw hammer, a tack hammer or sledge hammer. It was not necessary to minutely describe the hammer. It was sufficient to give a general description thereof.

In his motion for a new trial appellant also claims that prior to and at the time of his trial he was given certain tablets and was requested to take them; that he did take them; that as a result he became sleepy and drowsy and could not follow the proceedings of his trial, nor was he able, by reason of the effect which the tablets had upon him, to take the witness stand and testify in his behalf. The State contested this motion and the court heard evidence on the issue thus formed. The State's testimony clearly contradicts that given by the defendant on the question. After hearing all the testimony, the court overruled the motion, and the court's finding on that issue is binding on this court. This court is not authorized to set aside the final conclusion of a jury or that of the trial court based on controverted issues of fact.

All other matters complained of have been considered by us and found to be without merit.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellant has filed a lengthy argument which he denominates a motion for rehearing in this case. Because of the penalty inflicted, we have given full consideration to the motion. Nothing new is presented. No force has been added to the argument heretofore made and, in our view, the original opinion clearly and faithfully follows the record of the case and the applicable law. We see no reason why we should restate the opinion and we are unable to add to it. We are bound by the record, as it is presented to us, and no argument, however eloquent, which is not based on the facts within the record as it comes to us, will be of any assistance to this court in reaching its conclusion.

The appellant's motion for rehearing is overruled.