AUBREY MINOR v. STATE.

No. 29,566. February 26, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 2, 1958.

*W. E. Barron,* Navasota and *Joe J. Newman,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is murder with malice; the punishment, five years.

Appellant admittedly shot Sammy Lee Edwards, the deceased, with a pistol and the evidence shows that Edwards died the following day in the hospital as a result of gunshot wounds.

The state's evidence showed that appellant fired the pistol shortly after a fight with one Joe Mason without justification

or excuse. Appellant's testimony, supported by that of his witnesses, raised the issue of self defense.

The shooting occurred at a "drive-in" in Brazos County before midnight, and appellant was arrested at Anderson about one o'clock A.M.

State's witness Leroy Edwards testified that he stayed with the deceased at the hospital all night. Asked if the deceased was conscious, able to talk, Edwards answered "He was asleep."

State's witness Howard Edwards, Jr., brother of the deceased, testified that he entered the building after the shooting, took the pistol from appellant and went to his brother who was lying on a table. When asked "What did he say?" the witness answered and testified:

"A.   He said, 'I am shot.' I said, 'Well, get up here.' He got up and I said, 'Where are you shot?' and he said, 'Right here.' I seen the blood, and I said, 'Go on and get in the car and I will carry you to the doctor.' We walked on out and got in the car and carried him to the doctor.

"Q.   Did you hear Aubrey say anything about why he shot your brother? A. No, sir, I ain't heard why he said he shot him."

The state called Nancy Edwards, mother of the deceased, as a witness and she was permitted to testify, over objection, that she was notified about three A.M. by her son Howard, Jr. that Sammy Lee was in the hospital; that she went there and talked a little to him about four A.M., at which time, he, the deceased, told her that "Aubrey shot him for nothing. Aubrey shot him over Lula Gene Williams."

The trial court was in error in admitting this statement as res gestae. Under the facts stated we hold that it was not res gestae.

The record further shows that the necessary predicate for the introduction of the statement as a dying declaration was not laid.

Upon another trial the state should not be permitted to prove appellant's reputation for being a fighter or his arrest for misdemeanors not involving moral turpitude.

The judgment is reversed and the cause remanded.