Patrick Valentine CANNON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60965.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 10, 1981.

Sam H. Bass, Jr., Freeport, for appellant.

Doyle W. Neighbours, Dist. Atty., A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of injury to a child; the punishment is imprisonment for ten years.

It was alleged that the appellant intentionally and knowingly caused disfigurement and deformity to his stepson who was under the age of fifteen years. V.T.C.A. Penal Code, Section 22.04. The appellant asserts that harmful hearsay evidence was admitted over his timely objection for which the judgment should be reversed. We agree, the judgment must be reversed.

The complainant's only testimony was to state his name and to testify that he was ten years of age. Two police officers testified that they saw the complainant on a Sunday evening. They testified there were "large black purple marks that covered a very large portion" of the complainant's back. They could "see busted blood vessels, just large black and blue marks upon his face; he had a very large black eye, not just a little spot underneath his eye, completely circled up on his forehead down to his chin and was all the way around on the side of face that was swollen up real bad. His eye was red on the other side of his nose." The officers had photographs made showing the injuries they described; these photographs were admitted in evidence. The officers did not request medical treatment for the complainant and to their knowledge the complainant was not given medical treatment.

The only evidence of how the complainant sustained the injuries came from the testimony of a neighbor, James Genrich. Genrich saw the complainant two times on Saturday and he did not observe the injuries on the complainant which he observed the next evening. In his testimony Genrich related what he had been told how the complainant received the injuries by the complainant's mother and the appellant. Genrich testified that on Sunday evening the appellant told him that he had punished the complainant because he had taken some marijuana out of the appellant's bedroom.

Over strenuous objections Genrich was allowed to testify about what the complainant's mother had told him. Genrich testified that on Sunday evening the complainant's mother, who was crying, excited and emotional, came to his residence, and said, "she didn't know what to do, she was lost. She didn't have anyway to support her children except for her husband but he had beaten her son the night before." She told Genrich and his wife that the night before, Saturday evening, she had come home from the grocery store and her husband was sitting on the couch; he told her he had punished her son who was upstairs. She told Genrich that she went upstairs to see her son; he was badly beaten. She tried to resolve the matter with the appellant, but she couldn't do it. She said that it "ate at her all day" and "she told us she had to tell someone." In a hearing in the absence of the jury to determine the admissibility of the witness' testimony Genrich testified that the complainant's mother "sat home all day drinking, and she just didn't know what to do about it." Genrich also testified the complainant's mother told him that she, the complainant, and the appellant had been out at Holiday Lakes looking at some property during the day Sunday, and that the appellant had tried to make up to the complainant.

During the trial the State insisted that Genrich's testimony as to what the complainant's mother had told him was res gestae and admissible as an exception to the hearsay rule; the State cited and relied on *Linton v. State*, 171 Tex.Cr.R. 165, 346 S.W.2d 320 (1961); *Patterson v. State*, 458 S.W.2d 658 (Tex.Cr.App.1970); *Fretwell v. State*, 442 S.W.2d 393 (Tex.Cr.App.1969); *Williams v. State*, 439 S.W.2d 846 (Tex.Cr. App.1969) these cases are concerned with prosecution for sex offenses; they are concerned with different rules of admissibility. On appeal the State cites and relies on *State Farm Fire and Casualty Co. v. Ulteig*, 367 S.W.2d 898 (Tex.Civ.App.1963); *El Rancho Restaurants, Inc. v. Garfield*, 440 S.W.2d 873 (Tex.Civ.App.1969); *Kitchens v. Kitchens*, 387 S.W.2d 89 (Tex.Civ.App.1965). We find none of these authorities applicable

to the facts presented in this case. The complainant's mother did not see the injuries inflicted on the complainant; what the appellant told her and she related to Genrich was double hearsay. We have concluded that in these circumstances the statements made by the complainant's mother to Genrich were not excited utterances or res gestae and were not within these exceptions to the hearsay rule. This hearsay evidence was erroneously admitted.

Before the complainant's mother related to the witness Genrich the matters about which he testified, twenty-four hours elapsed from the time she had been told by the appellant that he had punished her son and from the time she first saw her son's injuries. She had tried to resolve the matter with the appellant, "it ate at her all day" and "she sat home all day, drinking and she just didn't know what to do about it." *Minor v. State,* 166 Tex.Cr.R. 69, 311 S.W.2d 241 (1958); *Moree v. State,* 147 Tex. Cr.R. 564, 183 S.W.2d 166 (1944); *Scott v. State,* 132 Tex.Cr.R. 517, 105 S.W.2d 242 (1936); *Chapman v. State,* 43 Tex.Cr.R. 328, 65 S.W. 1098 (1901).

The judgment is reversed and the cause remanded.