Dorothy GILLESPIE, Appellant,

v.

William B. WESSON, Appellee.

No. 16446.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 13, 1963.

Rehearing Denied Oct. 11, 1963.

Mock, Banner & McIntosh and Jack Banner, Wichita Falls, for appellant.

Ewing Clagett, Fillmore, Schaeffer & Fillmore and Roy Schaeffer, Wichita Falls, for appellee.

MASSEY, Chief Justice.

Dorothy Gillespie brought suit for damages against William B. Wesson on account of personal injuries growing out of a fall onto the concrete parking apron in front of a building. Such occurred as result of hanging her shoe heel on a "nosing" on the threshold at the front door of defendant's premises as she was walking from the inside thereof out to her automobile parked outside. $2,900.00 was the amount of plaintiff's damages. The jury made other answers in its verdict which convicted defendant Wesson of negligence which proximately caused plaintiff's injuries by finding that the defendant negligently maintained the doorway to his premises with a concrete threshold projecting above the level of the floor. That the circumstances were such that defendant was charged with notice of said condition of his premises was conclusively established in the evidence.

On motion and notice under Texas Rules of Civil Procedure, Rule 301, "Judgments", the trial court ruled and ordered that the jury's Special Issue Findings, made in establishment of a case of liability against the defendant, had no support in the evidence and should be disregarded, and in view thereof the verdict did not entitle plaintiff to a judgment. Accordingly, judgment dated and entered on October 19, 1962 directed that plaintiff take nothing. From this judgment an appeal was perfected.

Our holding is that the Special Issue Findings were erroneously disregarded. Judgment should have been entered on the verdict. Accordingly, we reverse the judgment below and render judgment for damages in favor of the plaintiff and against the defendant in the amount of $2,900.00.

Premise of defendant's argument in his brief is succinctly stated by a quote we have selected therefrom: "The most that could be said of the evidence relied upon by Appellant is that it showed that the threshold in question was dangerous. The mere showing of a dangerous condition does not necessarily constitute some evidence of negligence unless some duty is owed to an injured party and that duty is violated."

Photographs of the construction of the threshold were in evidence. These alone demonstrate a condition which made a fact issue upon the matter of defendant's negligence in its maintenance. As a person opened the door to leave the building there was a concrete strip, somewhat rounded, which was at the edge of the closed door. It was the type of construction sometimes found at exterior doors of buildings intended to aid in causing rain to drain out onto the ground rather than into the building, and to deflect the wind so that it would not blow under the door. Toward the interior of the building the edge of the concrete strip (intended to come into contact with the door when it was closed) amounted to a "nosing", in that it was vertical for one-quarter to three-quarters of an inch above the tile of the floor. Immediately outside the building and to the outside of the aforesaid strip there is one concrete step. A person leaving the building would usually take one step onto it and his second step would bring him to ground level. There was both lay and expert testimony which raised the issue of negligence on the matter of construction of the concrete strip and "nosing" thereof, or its maintenance after construction.

The defendant's business was that of "cocktail lounge", and there is no question

but that plaintiff, a patron, was an invitee. In the ordinary case evidence and fact findings thereon as made in this instance would require a judgment for the plaintiff. See 64 A.L.R.2d 398, Annotation: "Liability of proprietor of store, office, or similar business premises for injury from fall due to defect in stairway"; Walgreen-Texas Co. v. Shivers, 1941, 137 Tex. 493, 154 S.W.2d 625.

Defendant has apparently placed his theory of non-liability upon the concept that plaintiff did actually know or was charged with full knowledge of the defective condition at the threshold of defendant's premises which caused or resulted in plaintiff's injury,—by reason of which defendant was under "no duty" to protect plaintiff from injury stemming therefrom.

 The "no duty" doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and discover dangerous conditions. His duty is to protect his invitee from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he should know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom and to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them "no duty" to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof. In a suit for damages brought against the occupier by an invitee the occupier, as the defendant,—if he pleads the defense of "no duty" in avoidance or as an affirmative defense under the provisions of T.R.C.P. 94, "Affirmative Defenses",—is entitled to cast a burden upon the invitee to prove not only that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but also (upon the defendant's introduction of evidence raising an issue under the defense so plead) to prove as a part of his plaintiff's case that the occupier owed him a duty to take reasonable precautions to warn him or protect him from such danger, i. e., to negative the "no duty" doctrine invoked by the affirmative defensive pleading. Natalie K. Halepeska v. Callihan Interests, Inc., 6 Tex. Supreme Court Journal, August 3, 1963, pp. 644, 652, in which is disapproved a small but important part of the law as announced in McKee, General Contractor v. Patterson, 1954, 153 Tex. 517, 271 S.W.2d 391.

Model forms of submitting special issues in such a situation are considered and discussed by Dean W. Page Keeton in his article at 33 Tex.Law Review, pp. 1, 10, to be viewed as altered by Halepeska. Another article by Dean Keeton on cases of this type is in 20 Tex.Law Review, p. 562.

On trial in the court below there was no request by the defendant for the submission of any issue on the matter of defendant's duty to warn or protect the plaintiff from the danger in question. Neither was there any objection on the part of the defendant because of the absence of such an issue as part of the plaintiff's case. In view of the pleadings of defendant raising a defense under the "no duty" doctrine it would seem that error would have existed in the charge if defendant had objected because of the absence therein of an appropriate issue.

 We believe that the defendant waived his right to have such an issue submitted. T.R.C.P. 274, "Objections and Requests", and T.R.C.P. 279, "Submission of Issues". The ground of defense was that of the defendant and if raised as an issue of fact by evidence the defendant would be entitled to have it submitted. In view of what is said in Halepeska and

McKee the burden on such an issue, if submitted, would properly be cast on the plaintiff. It would amount to what Professor Hodges treats as an Inferential-Rebuttal issue. See Hodges on Special Issue Submission in Texas, Ch. III, p. 44, Inferential-Rebuttal Issues, § 17, "Pleading and Proof". Simple example of such an issue is the usual one of unavoidable accident in a negligence case. That issue is in the case when the defendant pleads it and the evidence raises it, but in such a situation the defense is waived where there is no issue in the charge inquiring whether the event was an unavoidable accident unless the defendant objects because of its absence. If an issue thereon is submitted the burden thereof would be properly cast on the plaintiff.

Burden of producing evidence is upon the party relying on an inferential-rebuttal issue, but the burden of persuasion on the issue, when submitted, is upon the opponent. Of course the "no duty" doctrine would involve an issue which is grounded in contract implied in fact in that the invitee would be treated as having consented, in consideration of his use of the premises, to hazards thereon the dangers of which were fully within his knowledge and appreciation. We believe this is a distinction without a difference.

■ Only in the event it might be properly determined that the "no duty" doctrine required that the question be resolved as a matter of law in favor of the defendant and against the plaintiff would defendant be entitled to prevail in this instance, since defendant had waived right to a factual issue under his pleading. From our examination of the state of the evidence we are convinced that no more than a fact question could be said to exist. Therefore the question could not be treated as resolved as a matter of law. Plaintiff testified on cross-examination that there was no difference "about those steps" on the night in question than on any other night she had "walked across there", and that "it always (had) been dangerous and (she) so considered it, but (she) kept using it anyway". That the hazard about which she was testifying was the concrete strip and "nosing" thereof on the threshold is not certain. Furthermore uncertain was plaintiff's appreciation of the danger or risk of catching her toe or heel and thus tripping by reason of the "nosing".

■ Defendant contends that even though the trial court erred in disregarding the jury's answers to special issues he was nevertheless entitled to the judgment he did receive under the doctrine of *volenti non fit injuria* in that plaintiff's injuries were received as the result of having voluntarily exposed herself to a known and appreciated danger. This is an affirmative defense upon which any issues submitted should cast the burden upon the defendant. Disregarding the question of whether defendant's pleadings entitled him to such issues the fact remains that they were not submitted. There was no objection because they were not submitted nor request for any such. The evidence did not establish such defense as a matter of law. The trial court correctly ruled against the defendant on his motion for judgment *non obstante veredicto* on this ground.

Judgment for the plaintiff should have been rendered on the verdict of the jury. We therefore reverse the judgment of the court below and here order and direct entry of judgment for plaintiff Dorothy Gillespie against defendant William B. Wesson for her damages in the amount of $2,900.00, plus legal interest from date of October 19, 1962, and for all costs.