## Commonwealth v. Louisville Property Co., et al.

(Decided January 25, 1911.)

### Appeal from Bell Circuit Court.

Special Attorneys—Employment to Represent the State—Agreed
    Compensation—Fixed by the Governor—Approved by Attorney
    General—Emergency Shown.—Under sub-section 5 of Section
    112-15 Ky. Stats., providing: "The Attorney General and his
    assistants shall attend to all litigation and business in or out
    of this State, required of him or them under this act or other
    existing law or laws herein after enacted, and also any litiga-
    tion or business that any State officer may have in connection
    with a growing out of his official duty, and no state officer,
    board of trustees or the head of any department or institution
    of the State shall have authority to employ or to be represented
    by any other counsel or attorney-at-law, unless an emergency
    arises which in the opinion of the Attorney General requires
    the employment of other counsel in order to properly protect
    the interest of the Commonwealth, in which event the Attorney
    General shall in writing setting forth the reason for such employ-
    ment, request the Governor to employ such additional counsel,
    Before such employment said written request shall be filed
    in the office of the Secretary of State, and shall be a public
    record; and a copy thereof shall be retained and kept on file

in the office of the Attorney General. Before such counsel is employed his fee and compensation shall be agreed upon and fixed by written contract by the Governor and said counsel, subject to the approval of the Attorney General; and copies thereof shall be kept on file in the office of the Attorney. General and the Secretary of State." Held, the object of this statute was to do away with the practice of employing special counsel as attorney's to represent the interest of the Commonwealth in the courts, and to require the Attorney General to take charge of and attend to all matters of litigation in which the Commonwealth is or may be a party in interest, whether in courts of civil or criminal jurisdiction, in or out of the State, except where it is made the duty of the Commonwealth's or county attorney to represent the State, or an emergency such as subsection 5 contemplates, might arise, would require the Attorney General to employ special counsel.

A. G. PATTERSON, GEORGE C. PICKETT, and E. B. BEARD, for appellant.

HENRY L. STONE, BENJAMIN D. WARFIELD, WM. AYERS and C. W. METCALF, for appellees.

Opinion of the Court by Judge Settle—Affirming.

This action was brought in the name of the Commonwealth of Kentucky to escheat certain lands in the county of Bell, the title to which is held by appellee, Louisville Property Company, for the alleged use and benefit of the appellee, Louisville & Nashville Railroad Company; it being in substance charged in the petition that the latter company purchased and paid for the lands and unlawfully caused them to be conveyed to the Louisville Property Company, a corporation created solely for that purpose, because the title to the lands could not lawfully be held by the Louisville & Nashville Railroad Company, which is a railroad corporation only authorized to engage in the business of operating railroads, various lines of which it owns and controls, in Kentucky and other States. It was also averred in the petition that the Louisville Property Company as the ostensible owner, and the Louisville & Nashville Railroad Company, real owner of the lands in question, had owned and had possession thereof for more than five years before the institution of the action, during the whole of which time the lands were not necessary for the use of either corporation in its legitimate business and were not in fact so used by either.

It was further alleged that such holding and non-user of the lands by appellees was and is prohibited by section 192 of the Constitution and section 567, Kentucky Statutes, and subjected them to escheat.

The suit was brought by George L. Pickett, E. B. Beard, Pickett & Barrackman, and A. G. Patterson, attorneys at law, claiming authority to maintain it under a contract of April 27th, 1907, whereby S. W. Hager, then Auditor of State, with the approval of the Governor and in pursuance of section 1622, Kentucky Statutes (Ed. 1903), employed Geo. L. Pickett, as attorney "to institute such suit or proceedings as may be necessary to recover for the Commonwealth of Kentucky any property which is escheated to the Commonwealth of Kentucky," and agreed to pay him for his service "thirty per cent of whatever might be recovered by him and paid into the treasury of the State."

Each of the appellees filed in the court below a demurrer, general and special, to the petition and at the same time moved the dismissal of the action upon the ground that the counsel representing the Commonwealth were without authority to bring or maintain it. Filed with the motions and in support thereof was the affidavit of one T. Cairns, chief agent and general manager of the appellee, Louisville Property Company, accompanied by a certified copy of a letter written by the present Attorney General of the State to Geo. L. Pickett and received by the latter, which in substance notified him that his employment and services as attorney under the contract with S. W. Hager, former Auditor, ended with the expiration of his (Hager's) term of office and that by an act of the General Assembly, approved March 20th, 1908, contained in sections 112-115, Kentucky Statutes, 1909, the statute under which the former Auditor employed him had been repealed and the power to employ an attorney in behalf of the State conferred upon the Governor, to be exercised only in an emergency and upon the request in writing of the Attorney General. The letter also notified Pickett that the institution of the present action against appellee was unauthorized and Pickett without authority to further prosecute it, and directed him to dismiss it.

Pickett filed a response to the motions to dismiss, which set forth the contract of employment made with him by Hager, former Auditor, the institution of the action by virtue of the authority thereby conferred and that this court, on the appeal of a previous action be-

tween the same parties, in which it was sought to escheat the same lands, had decided that the contract in question conferred upon him (Pickett) authority as attorney for the Commonwealth to maintain that action; and that, therefore, the question of his right to maintain the present action was resjudicata. The response contained no denial of Pickett having received the letter of advice and dismissal from the Attorney General, but denied its conclusions of law and the right of that officer to dismiss him from the case.

Appellees filed separate demurrers to the response and following the submission of the case upon the demurrers to the petition, the motions to dismiss, affidavit of Cairns, response of Pickett and demurrers thereto, the circuit court by the judgment rendered dismissed the action, and from that judgment this appeal is prosecuted.

It is true that the contract made by S. W. Hager, former Auditor, with Geo. L. Pickett was considered by this court in the case of Commonwealth v. Louisville Property Company, et al., 128 Ky., 791, and that we then held it valid as it was made pursuant to sections 114-1622, Kentucky Statutes, then in force which empowered the Auditor, with the approval of the Governor, to employ attorneys to recover for the Commonwealth escheated lands, but upon the return of the case to the circuit court it sustained a demurrer to the petition and on a second appeal we affirmed that judgment. (Commonwealth v. Louisville Property Co., 121 S. W., 399.) In that case, however, the opinion did not declare that the lands sued for were not subject to escheat, but only that the petition failed to allege the facts necessary to effect the escheat. Upon the return of the case to the circuit court it was dismissed. Later the present action was instituted, but it was after the enactment of the statute mentioned in the letter of the Attorney General to George L. Pickett, and if, as claimed by that officer, it abrogated the contract made by Hager with Pickett, he had the right by virtue of his office to declare the contract no longer operative; that Pickett was without authority to bring or prosecute this action and to direct its dismissal.

Without quoting it in full, we will now consider sections 112-115, inclusive, Kentucky Statutes (Ed. 1909), referred to in the letter of the Attorney General. Subsection 1 thereof makes the Attorney General the chief law officer of the Commonwealth and all its departments; gives him power to institute and control all litigation to which the Commonwealth may be or is a party; requires

him to represent the Commonwealth in all cases, civil and criminal, in any and all courts in and out of the State, except where it is made the duty of the Commonwealth's attorney or county attorney to do so. Subsection 2 declares it his duty, upon the written request of any executive or ministerial officer of the Commonwealth, to give his written opinion touching any of the duties of such officer, and to prepare, at the request of an executive or State officer, proper drafts of all instruments of writing which may be required for public use.

Subsections 3 and 4 provide for the appointment by the Attorney General of assistants, law clerks, &c., fix the salary, define the qualifications and duties of each and make provision for the payment of the expenses of the Attorney General and his assistants when called away from the State Capital on business for the Commonwealth. Subsection 5 provides:

"The Attorney General and his assistants shall attend to all litigation and business in or out of the State, required of him or them under this act, or other existing law or laws hereinafter enacted, and also any litigation, or business that any State officer may have in connection with or growing out of his official duty; and no State officer, board of trustees or the head of any department or institution of the State shall have authority to employ or to be represented by any other counsel or attorney at law, unless an emergency arises, which in the opinion of the Attorney General, requires the employment of other counsel, in order to properly protect the interest of the Commonwealth, in which event the Attorney General shall, in writing setting forth the reasons for such employment, request the Governor to employ such additional counsel. Before such employment, said written request shall be filed in the office of the Secretary of State, and shall be a public record, and a copy thereof shall be retained and kept on file in the office of the Attorney General.

"Before such counsel is employed, his fee and compensation shall be agreed upon and fixed by written contract by the Governor and said counsel, subject to the approval of the Attorney General, and copies thereof shall be kept on file in the office of the Attorney General and the Secretary of State."

Manifestly this section confers upon the Attorney General the authority claimed and exercised by him in the letter written Geo. L. Pickett; indeed, the statute as a whole indicates that the object of its enactment was

to do away with the practice, hitherto obtaining, of employing special counsel or attorneys to represent the interest of the Commonwealth in the courts, and to require the Attorney General and his assistants to take charge of and attend to all matters in litigation in which the Commonwealth is, or may be a party in interest, whether in courts of civil or criminal jurisdiction in or out of the State, except where it is made the duty of the Commonwealth's or county attorney to represent the Commonwealth, or an emergency such as subsection 5 contemplates might arise, which would require the Attorney General to request the Governor in writing to employ special counsel.

The Attorney General had the legal right, therefore, to declare Pickett and his associate counsel without authority to bring or maintain this action, and also to direct its dismissal; for not only did the statute supra, upon becoming operative abrogate the contract made by Pickett with the former Auditor and end his employment thereunder, but it repealed the former statute from which that officer derived authority to employ him.

The conclusion we have expressed makes it unnecessary for us to decide whether, as claimed by the Attorney General, Pickett's employment ended with the expiration of Hager's term of office as Auditor; nor is it in our province to declare whether the Attorney General acted wisely or unwisely in authorizing the dismissal of this case in the court below. As the case was under his control the course to be pursued was a matter that addressed itself to his official discretion. There can, however, be no doubt of his authority to renew the action in behalf of the Commonwealth.

The letter of the Attorney General seems to concede that had the action been pending when the statute, under which its dismissal was effected, became operative, the counsel representing the Commonwealth could not have been prevented from prosecuting it to a conclusion, but that question is not before us; the case at bar was not then pending, but was instituted after the statute referred to went into effect, therefore, notwithstanding the good faith with which counsel attempting to represent the Commonwealth have prosecuted it, the abrogation by the present statute of the contract under which they acted, and their discharge by the Attorney General, ended their connection with the case.

Judgment affirmed.