FINCK CIGAR COMPANY v. S. L. CAMPBELL.

No. 7406. Decided December 6, 1939.
Rehearing overruled January 10, 1940.
(133 S. W., 2d Series, 759.)

*Touchstone, Wight, Gormley & Price,* of Dallas, for plaintiff in error.

In a suit to recover personal injuries or damages submitted to a jury, in Texas, on special issues, it is improper for the court to give to the jury an instruction informing them of the legal effect of their answers to the special issues on negligence and proximate cause, and for that reason it was reversible error for the trial court in submitting the issue as to plaintiff's damages to instruct the jury that they should not allow any damages unless they had previously found that defendant's driver was guilty of negligence and that such negligence was the proximate cause of the accident. Grasso v. Cannon Ball Motor Freight Lines, 125 Texas 154, 81 S. W. (2d) 482; City of Wichita Falls v. Phillips, 87 S. W. (2d) 544.

*Ray Bland, T. R. Boone* and *Kilgore & Rogers,* of Wichita Falls, for defendant in error.

It is error for the plaintiff, either purposely or by a question calling for such information, to inject into the trial evidence that an insurance company is defending the suit. However, it is not error for the defendant's witness to volunteer an unsolicited statement that he had talked with people representing the insurance company. Alford v. United States, 282 U. S. 687;

Warner v. Oriel Glass Co., 319 Mo. 1196, 8 S. W. (2d) 846; Horton v. Benson, 277 S. W. 1050.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court S. L. Campbell, defendant in error, recovered judgment against Finck Cigar Company, plaintiff in error, for damages resulting from a collision between his automobile and an automobile belonging to the Cigar Company, and being operated at the time of the collision by its agent. The judgment of the trial court was affirmed by the Court of Civil Appeals. 114 S. W. (2d) 348.

Only two questions are presented for decision. The first one arose out of the court's charge. Special Issue No. 35 was in this form:

"Find from a preponderance of the evidence what amount of money, if any, if paid now in cash, would reasonably and fairly compensate the plaintiff, S. L. Campbell, for the injuries and damages sustained by him, if any, as directly and proximately caused by the negligence, if any, of the driver of the defendant's automobile in question. In answering you may take into consideration only such elements of damage, if any, as hereinafter enumerated and consider no more."

Following this issue the elements of damage were enumerated under lettered subdivisions a to j, inclusive. Typical of those lettered subdivisions is the first, reading as follows:

"a—Loss of earnings of the plaintiff, S. L. Campbell, if any which he sustained in the past as a direct and proximate result of such negligence, if any."

It will be observed that the above language limited the jury to the finding of such damages as were directly and proximately caused by the negligence, if any, of the driver of the defendant's automobile. The claim is that by thus restricting the scope of the inquiry the charge informed the jury of the effect of its answers to the issues on negligence and proximate cause. In support of this contention plaintiff in error relies principally upon the case of Grasso v. Cannon Ball Motor Freight Lines et al., 125 Texas 154, 81 S. W. (2d) 482.

There is a clear distinction between the charge in that case and the one in this case. What was there condemned was a general charge given in a case submitted on special issues, the

effect of which was to inform the jury of the result of all of its answers, including those to the issues submitting the question of the plaintiff's contributory negligence. In this case the language of the special issue and the accompanying instructions at most but informed the jury that the defendant's liability for damages rested upon its findings in answer to the issue on negligence and proximate cause. It has been definitely decided that, to inform the jury of that which it already knows does not prejudice the rights of a litigant. McFaddin v. Hebert, 118 Texas 314, 15 S. W. (2d) 213; Texas & Pacific Ry. Co. v. Edwards (Com. App.) 36 S. W. (2d) 477; Lloyds Casualty Co. of New York v. Grilliett, 64 S. W. (2d) 1005 (error refused); 41 Tex. Jur. 1206, Sec. 342. The language complained of informed no juror of ordinary intelligence (which all jurors are presumed to possess) of anything which he had not already learned during the trial of the case, and the assignments presenting this question are, therefore, overruled.

The other question presented for decision is the contention that a witness brought information to the jury that the defendant was protected by a policy of indemnity insurance, and that the court erred in refusing to declare a mistrial when such information was given. The question arose in this manner: C. B. Sikes, a traveling salesman for the Cigar Company, was the driver of its car on the occasion of the collision. He sustained serious injuries at the time, resulting, it seems, in some impairment of his memory. While on the stand as a witness for the Cigar Company his testimony indicated that he remembered the facts surrounding the accident, but he admitted that for some time after the accident he remembered practically nothing about it. On cross-examination of this witness by counsel for defendant in error the following occurred:

"Q. You say your memory for a while was not good concerning the details of the accident?
"A. That is right.
"Q. At the time the deposition was taken did you have a recollection then of what you told here?
"A. Yes, sir, I did some of it.
"Q. And every since that time you have had about the same recollection as you have now?
"A. Probably a little better improvement.
"Q. And the improvement has come from what?
"A. Thinking about it.
"Q. And talking about it?
"A. Yes, sir.

"Q. And listening to others talk about it?

"A. Oh, yes, some of that entered into it.

"Q. How often has John Touchstone or this other boy talked to you about it?

"A. I never saw Mr. Touchstone or this other boy until last night.

"Q. But you have seen other people?

"A. There has been very few talked to me about it representing the company, or Insurance Company either one."

■ It is a well settled rule in this jurisdiction that it is error to inform the jury that the defendant in an action for damages for personal injuries is protected by indemnity insurance. Page v. Thomas, 123 Texas 368, 71 S. W. (2d) 234; Texas Co. v. Betterton, 126 Texas 359, 88 S. W. (2d) 1039; Southland Greyhound Lines, Inc. v. Cotten, 126 Texas, 596, 91 S. W. (2d) 326; Texas Power & Light Co. v. Stone, 84 S. W. (2d) 738 (error refused). But that rule has no application when the defendant, or one of his witnesses, voluntarily brings such information to the jury, and it is not brought through any fault of the plaintiff or his attorneys. Carter-Mullaly Transfer Co. v. Bustos, 187 S. W. 396 (error refused); Red Star Coaches, Inc. v. Lamb, 41 S. W. (2d) 523, (error dismissed); Williams et al v. Long, 106 S. W. (2d) 378 (error dismissed); 33 Tex. Jur. p. 278. As observed in the Carter-Mullaly case first above cited, were this exception to the general rule not recognized, the defendant would have it within his power to bring about a mistrial in all cases and the plaintiff would be unable to guard against it.

■ The instant case comes well within the exception to the general rule. The matter about which the interrogatories were directed to the witness was a proper subject for cross-examination. There is not the slightest suggestion by the record that the attorney conducting the cross-examination overstepped the bounds of proper cross-examination. He propounded no question to which the answer given by the witness was responsive. We hold, therefore, that it was not reversible error for the trial court to overrule the motion to declare a mistrial.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court, December 6, 1939.

Rehearing overruled January 10, 1940.