TEXAS TEXTILE MILLS ET AL V. J. O. GREGORY.

No. 8191. Decided January 26, 1944.
Rehearing overruled March 8, 1944.
(177 S. W., 2d Series, 938.)

*A. D. Dyess,* of Houston, for petitioners.

The bringing out of the fact that the defendants' were probably covered by insurance constitutes irreparable damage and error to the defendants, and the fact that the court charged the jury not to consider said answer did not correct the harm. Page v. Thomas, 123 Texas 368, 71 S. W. (2d) 234; Harper v. Highway Motor Freight lines, 89 S. W. (2d) 448; Texas Company v. Betterton, 88 S. W. (2d) 1039.

*Allen, Helm & Jones* and *J. Edward Smith,* all of Houston, and *W. C. McClain,* of Conroe, for respondents.

The mention of insurance before the jury was not reversible error, coming about as voluntary information without fault of plaintiff or his counsel. Finck Cigar Co. v. Campbell, 134 Texas 250, 133 S. W. (2d) 759; Texas Coca-cola Bottling Co. v. Lovejoy, 138 S. W. (2d) 254; Williams v. Long, 106 S. W. (2d) 378.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Montgomery County, Texas, by J. O. Gregory against Texas Textile Mills, a private corporation, and William Bradbury, to recover damages for personal injuries received by Gregory in a collision between an automobile and a truck. Gregory was riding in the automobile at the time of the accident. The truck belonged to Texas Textile Mills, and was being operated by Bradbury as the servant and employee of the Texas Textile Mills. One Ki Gregory was operating the automobile. The case was tried in the district court with the aid of a jury. Based on the answers of the jury to the special issues submitted by the court, judgment was entered for Gregory against both defendants for $1,500.00. This judgment was affirmed by the Court of Civil Appeals in an opinion directed not to be published by authority of Rule 452. We shall hereinafter refer to Gregory as plaintiff, and to Texas Textile Mills and Bradbury as defendants.

The case was submitted in the district court to a jury on numerous special issues. It is only important to mention three of them. In answer to certain special issues the jury found: That Bradbury failed to warn the occupants of Gregory's car of the approach of the truck; that such failure was negligence; and that such negligence was the proximate cause of plaintiff's injuries. The issue of negligence based on Bradbury's failure to give warning was the only act of negligence found against defendants. Defendants contended in both lower courts, and here contend, that there is no evidence in this record showing, or

tending to show, that Bradbury's failure to give warning of the approach of his truck was the proximate cause of this collision. Of course, if such is the case this judgment cannot stand.

It appears from this record that plaintiff was injured while seated in the automobile. The automobile was on a public highway. The truck, which belonged to Texas Textile Mills and was being operated by Bradbury, collided with the automobile in which plaintiff was riding. The automobile was being operated by Ki Gregory. As the result of such collision, Ki Gregory was killed and plaintiff was injured. It is contended that Bradbury was negligent in failing to sound the horn on the truck. It appears that the horn was not sounded. As we understand this record, defendants contend that the failure of Bradbury to sound the horn on the truck could not have been the proximate cause of this collision, because Ki Gregory already knew that defendants' truck was approaching, and therefore the sounding of the truck's horn would not have given any warning to Ki Gregory that he did not already have. We are of the opinion that the evidence in this record presents a fact question on the issue as to whether the failure of Bradbury to give warning of the approach of the truck was a proximate cause of this collision. No good purpose would be served by an extended statement of the evidence on this question. It is shown that at the time before this truck collided with this automobile, Ki Gregory, the operator of the automobile, had definite warning that the truck was approaching, but the evidence is not conclusive that Ki Gregory then had time to have avoided the collision. In this connection, we think the evidence in this record shows that had Bradbury sounded his horn at a time prior to the time Ki Gregory had warning of the fact that the truck was approaching, this accident would have been avoided.

The trial court submitted to the jury the issue of unavoidable accident, and in connection therewith gave the jury the following instruction:

"You are further instructed, in connection with this issue, that the term 'UNAVOIDABLE ACCIDENT,' means such an unexpected catastrophe as occurs without any of the parties thereto being to blame for it—that is, in this case, without either the plaintiff or the driver of the Gregory car, or the driver of the truck being guilty of negligence in doing, or permitting to be done, or omitting to do the particular thing that caused such catastrophe."

■ Defendants excepted to the above instruction, on the ground that it included the driver of the car in which plaintiff was rid-

ing. Simply stated, defendants contend that the court should have instructed the jury that the term "unavoidable accident" means such an unexpected happening or catastrophe as occurs without any of the parties to the action being to blame for it. The defendants requested a charge so worded as to confine the lack of blame to Gregory and Bradbury, thus eliminating any lack of blame on the part of Ki Gregory. We think the court probably included all parties connected with this collision in his definition of "unavoidable accident." Hicks v. Brown, 136 Texas 399, 151 S. W. (2d) 790; Wheeler v. Glazer, 137 Texas 341, 153 S. W. (2d) 449; Air Line Motor Coaches v. Fields, 140 Texas 221, 166 S. W. (2d) 917.

Defendants seem to argue that the want of negligence on the part of Ki Gregory should not be included in a definition of "unavoidable accident," because Ki Gregory is dead and not a party to this suit. We are at a loss to see how the mere fact that Ki Gregory is not made a party to the suit can alter the meaning of the term "unavoidable accident" as applied to the facts of this case.

During the trial of this case a Mrs. Buckner was offered and sworn as a witness for the defendants. In response to numerous questions propounded to her by counsel for the defendants, she testified as an eyewitness to this collision. During her direct examination nothing was said about any party to this accident having insurance. After Mrs. Buckner had concluded her direct testimony, and while she was being cross-examined by counsel for the plaintiff, the following occurred:

"Q. I didn't understand your first name.
A. Mrs. I. Buckner.
Q. Have you ever talked with Mr. Cleo McClain before about this case?
A. No, sir.
Q. Have you ever seen me before?
A. No, sir.
Q. Have you ever talked with Mr. Dyess about this case before?
A. No, sir. I know who you are talking about. I haven't talked to him.
Q. Have you ever talked with anybody representing the truck line about this case before?
A. No, sir.
Q. Did you ever give a statement to anybody in the case, a written statement?
A. I did make one statement.

Q. To somebody - -

A. I think it was an insurance man.

MR. DYESS: If the Court please, I except to that statement; it calls for a conclusion of the witness, and I ask at this time that a mistrial be declared.

THE COURT: Objection overruled.

MR. DYESS: May I have a full bill on that?

THE COURT: All right.

Q. Did you read a statement over about your testimony in this case this morning?

A. Yes, I did.

Q. That was here in the court room with Mr. Dyess?

A. Yes, that was the second time.

After the happening of the above, counsel for the defendants presented to the trial court, out of the presence and hearing of the jury, a motion to declare a mistrial, and in the event such motion should be overruled, a motion to instruct the jury to disregard what Mrs. Buckner said about insurance. The court overruled the motion to declare a mistrial, but properly instructed the jury to disregard the statement of the witness about insurance.

There is in the transcript a bill of exceptions presented to the trial court by counsel for defendants. This bill in substance recites the facts about this transaction as we have detailed them. The trial court approved this bill with qualification, made a part of such approval. This qualification, among other things, states, "that the witness, Mrs. I. Buckner, was brought as a witness in this cause by the defendants, and was placed on the stand by the defendants; that the statement she made concerning an insurance man was made while she was being cross-examined by counsel for plaintiff, and that counsel for plaintiff did not state or use the term 'insurance' or 'insurance man,' and that the mention of an insurance man was made suddenly and inadvertently by the witness, and was not purposely or intentionally brought out by counsel for the plaintiff. The Bill of Exception is further qualified to show that when the statement 'I think it was an insurance man' was made by the defendants' witness, the attorney for plaintiff was conducting legitimate cross-examination concerning written statements given in the case and the statement was made by the witness 'I think it was an insurance man' without fault on the part of counsel for plaintiff."

■■ It is the settled law that when a party accepts a bill of exceptions qualified by the trial court, the qualifications become a

part of the bill itself, and are binding on the party who accepts and files the same. San Antonio. Traction Co. v. Settle, 104 Texas 142, 135 S. W. 116; M. System Stores, Inc. v. Davenport (Civ. App.), 36 S. W. (2d) 242; South Texas Cotton Oil Co. v. Baugh (Civ. App.), 68 S. W. (2d) 539; 3 Tex. Jur., p. 657, sec. 464. There is nothing contained in the present Texas Rules of Civil Procedure that would change the law as announced by the above authorities It follows that in this case we are confronted with this simple question,—viz., is reversible error here shown because a witness at this trial, offered by the defendants, while she was being cross-examined by counsel for the plaintiff, made reference to defendants' insurance, when such reference was made suddenly and inadvertently by the witness, and plaintiff's counsel was without fault in the matter? We think that to merely state this question is to indicate a negative answer. Finck Cigar Co. v. Campbell, 134 Texas 250, 133 S. W. 759, and authorities there cited. We quote as follows from the case just cited:

"It is a well settled rule in this jurisdiction that it is error to inform the jury that the defendant in an action for damages for personal injuries is protected by indemnity insurance. Page v. Thomas, 123 Texas 368, 71 S. W. (2d) 234; Texas Co. v. Betterton, 126 Texas 359, 88 S. W. (2d) 1039; Southland-Greyhound Lines, Inc. v. Cotten, 126 Texas 596, 91 S. W. (2d) 326; Texas Power Light Co. v. Stone, Tex. Civ. App., 84 S. W. (2d) 738, error refused. But that rule has no application when the defendant, or one of his witnesses, voluntarily brings such information to the jury, and it is not brought through any fault of the plaintiff or his attorneys. Carter-Mullaly Transfer Co. v. Bustos, Tex. Civ. App., 187 S. W. 396, error refused; Red Star Coaches, Inc. v. Lamb, Tex. Civ. App., 41 S. W. (2d) 523, error dismissed; Williams et al v. Long, Tex. Civ. App., 106 S. W. (2d) 378, error dismissed; 33 Tex. Jur., p. 278. As observed in the Carter-Mullaly case first above cited, were this exception to the general rule not recognized, the defendant would have it within his power to bring about a mistrial in all cases and the plaintiff would be unable to guard against it."

We have carefully examined all the points of error presented in the application for this writ, and in our opinion none of them presents any reversible error. The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered January 26, 1944.

Rehearing overruled March 8 , 1944.