William **FLATT** et al., Appellants,

v.

Joanne **HILL**, Appellee.

No. 16342.

Court of Civil Appeals of Texas.

Dallas.

May 8, 1964.

Rehearing Denied May 29, 1964.

G. H. Kelsoe, Jr., Fred Bruner and Clifford S. Dillard, Dallas, for appellants.

Hartson, Waters & Bonnett, Gerald T. Waters, Dallas, for appellee.

BATEMAN, Justice.

Joanne Hill brought this suit for damages against William and Adis Flatt, who operated a beauty school and in connection therewith furnished beauty services, rendered by the students, to members of the public. Appellee claimed, and the jury found, that while having her hair shampooed and "set" by one of appellants' student operators she was injured by being struck in the right eye by a comb. The jury also answered all special issues on negligence, contributory negligence, unavoidable accident and assumed risk favorably to appellee and found her damages to be $1,500. Appellants assign four points of error on appeal. We overrule all of them.

■ The first complains that the court erroneously overruled their motion for mistrial, made on the ground that the word "insurance" was elicited by appellee's attorney during his cross examination of appellant Adis Flatt. She had testified on direct examination that she had received a letter from appellee's attorney, which was her first notice of the claimed injury. The letter was marked as an exhibit and the court, observing in the last paragraph thereof a suggestion that her insurance carrier be notified, called the attorneys to the bench and, outside the hearing of the jury, admonished them not to bring out the fact

that insurance was mentioned in the letter. In his cross examination appellee's counsel asked this question:

"Do you recall in that letter us asking you to contact us?" to which Mrs. Flatt replied:

"I recall that you asked that if I had insurance to cover this, for me to get in touch with my insurance agency, because you was bringing charges."

When the attorney again propounded substantially the same question, she said:

"I don't recall that you asked me to contact you; I recall you asked if I had insurance, I had better get in touch with my insurance—"

When counsel for appellants then moved for a mistrial, the court instructed the jury not to consider any reference at all to insurance because it had nothing whatever to do with the case, and overruled the motion for mistrial. The use of the word "insurance" having been made voluntarily by one of the appellants, and not through any fault or improper question of appellee's attorney, appellants will not be heard to complain of any prejudice that may have resulted to them thereby. Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938; Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759. Appellants' first point is overruled.

■ The second point, which complains because the court overruled appellants' motion for mistrial when appellee's counsel asked Mrs. Flatt about other pending lawsuits against her, is likewise without merit. Appellee's counsel first asked her if she had many accidents at the school. She answered, "No, sir, we do not." He then asked her, "How many other lawsuits have you got pending against you?" She promptly answered, "None," after which her counsel objected on the ground that it was highly prejudicial and inflammatory, and moved for a mistrial. The court sustained the objection, instructed the jury

not to consider the question and answer for any purpose, and overruled the motion for mistrial. We approve these rulings, but even if they were incorrect it is obvious that no harm could have resulted to appellants. Rule 434, Vernon's Texas Rules of Civil Procedure. The second point is overruled.

■ By their third point of error appellants say the court erred in overruling their motion for instructed verdict in the light of a release signed by appellee. About three and a half months prior to the accident in question, the appellee had received a permanent wave at appellants' place of business and signed an instrument reading as follows:

"Date July 13, 1961.

"I, Joanne D. Hill, do hereby agree to release the MARINELLO BEAUTY COLLEGE, Instructors and Student Body for any damages or resulting damaged condition which might occur now or later from beauty service and solution used on me."

Appellee testified that she was required to sign the release prior to the permanent wave treatment on July 13, 1961 because she refused to remove the dress she was wearing and don a smock tendered her by the operator, and that she was not asked to sign any release prior to or in connection with her shampoo and "set" on the date of her injury, or on any of the several previous occasions when she had received similar services there. Mrs. Flatt testified that the release in question is signed by all customers when they receive a tint or dye or permanent wave, and that if a person came into the shop for only a shampoo and "set" she would not be required to sign one of them.

It seems quite clear to us from the language used by appellants in preparation of the release, as well as the testimony of Mrs. Flatt, that this release was intended to cover only such damages as might result from the services then about to be rendered, even though such damages might not be discovered until some future date. It was not intended by either party as a blanket acquittance of all liability for damages which might result from other services indefinitely in the future.

■ Moreover, appellee pled that there was no consideration for the release. No consideration is recited in the instrument itself, and none was proved. For this additional reason, we hold that the release did not bar appellee's action, and the third point of error is overruled.

■ Appellants' fourth point of error asserts excessiveness of the $1,500 award. We cannot agree. The evidence is undisputed that appellee sustained a fairly serious injury to her eye, involving the loss of a portion of the cornea and damage to underlying tissue, together with a secondary iritis; that she was under the care of an eye specialist for approximately a year; that she suffered pain and was required to adopt precautionary measures up to the time of trial, and would in the future, such as wearing special protective glasses and avoiding excessive amounts of dust, chemicals, air conditioning blasts, heat from heaters, "or any type of drying or damaging effects to the eye"; that her doctor's bill was $100 and she was compelled to hire household help one day a week at a cost of $6.66 each time. The injury has caused appellee to be very conscious of her eyes and possible injury to them.

■ We find nothing in this record to indicate that this award was the result of any improper motive. So far as the record reveals, it was conscientiously arrived at by due deliberation, and it is not so excessive as to shock our sense of justice. We have no right, then, to set it aside. Green v. Rudsenske, Tex.Civ.App., 320 S. W.2d 228, no wr. hist.

Finding no error sufficient to require reversal, we affirm the judgment.

Affirmed.