Neal BISHOP et al., Appellants,

v.

Bow CARTER, Appellee.

No. 4502.

Court of Civil Appeals of Texas.

Waco.

Oct. 27, 1966.

Rehearing Denied Nov. 17, 1966.

Touchstone & Sampels, Malone, Seay & Gwinn, Dallas, for appellants.

G. C. Harris, Greenville, Woodrow Edwards, Mount Vernon, for appellee.

## OPINION

WILSON, Justice.

█ In this automobile collision case cross-defendant asks reversal because of injection of the subject of insurance into the evidence. Cross-defendant himself was the only party who mentioned insurance. He did so on cross-examination, when, in answer to an innocuous inquiry as to who made a photograph introduced in his behalf and upon his identification, he answered, "I don't know who made it; the insurance, I guess." Reversible error is not shown by this voluntary and unresponsive answer by the complaining party, not evoked by his adversary. Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938; Blankenship v. Sutherland, Tex.Civ.App., 324 S.W.2d 592, writ ref. n. r. e.; Musslewhite v. Gillette, Tex.Civ.App., 258 S.W.2d 104.

█ It is also urged that the court erred in overruling appellant's motion for new trial because a juror concealed his prior representation by appellee's counsel, and failed to disclose claims for his own injuries. The juror testified on motion for new trial hearing that he raised his hand when the panel was asked whether any members knew plaintiff's attorney. He testified he had not been represented by this attorney, and had not been asked a question concerning the matter on voir dire. The point concerning the juror's failure to disclose injuries was not assigned in the motion for new trial, and may not be considered. He testified he had not been interrogated about his injuries or claims. This asserted error not assigned in the prerequisite motion may not now be urged. Rules 320, 324 and 374, Texas Rules of Civil Procedure. There are no findings of fact, and the implied finding that the misconduct did not occur binds this court.

Brawley v. Bowen, Tex. (1965) 387 S.W.2d 383, 384.

Other points have been considered and are overruled.

Affirmed.