**EL RANCHO RESTAURANTS, INC.,**
**Appellant,**

v.

**Warren GARFIELD et ux., Appellees.**

**No. 14744.**

Court of Civil Appeals of Texas.

San Antonio.

April 16, 1969.

Rehearing Denied May 14, 1969.

F. W. Baker, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

Pfeiffer & Gittinger, San Antonio, for appellees.

KLINGEMAN, Justice.

Damage suit by Warren Garfield and wife, Betty I. Garfield, appellees here and plaintiffs below, against El Rancho Restaurants, Inc., appellant here and defendant below, for injuries sustained when Mrs. Garfield purportedly tripped on or was caused to fall by a serving tray stand located against the back of a booth in one of defendant's restaurants. Trial was to a jury which found: That the tray stand was located against the back of the booth; the maintaining of such tray stand at said location was negligence and a proximate cause of the accident; the failure of defendant to warn Mrs. Garfield of the tray stand located behind the booth was negligence and a proximate cause of the accident; permitting coats of customers to be placed over the back of such booth was negligence and a proximate cause of the accident; Mrs. Garfield failed to keep a proper lookout but this was not a proximate cause of the accident, and it was not an unavoidable accident. Judgment was rendered for plaintiffs in the amount of $27,500, in accordance with the jury's findings, and that plaintiff Warren Garfield take nothing on his cause of action against defendant for the use and benefit of the United States of America.

On January 13, 1968, Mrs. Garfield and a number of other ladies had been playing bridge at the apartment of one of the ladies, located near a restaurant operated by defendant. A luncheon reservation had been made for the members of the bridge party at such restaurant and a table had been set up for them near the rear of the restaurant. After the ladies had finished playing bridge, Mrs. Garfield and Mrs. Snyder, another of the ladies in such group, entered the restaurant together. It was a cool day and both Mrs. Garfield and Mrs. Snyder were wearing coats. Mrs. Garfield testified that when she entered the restaurant some of the ladies were already seated at the table reserved for them, and she was told by an employee of defendant to place her coat over the back of a booth located near the rear of the restaurant, on the left-hand side of the restaurant, because the coat racks were full; that in order to get to such booth she walked down an aisle to the booth; that there was a coat rack stand behind the booth but it was full and the back of the booth was covered with coats; that she placed her coat on the back of the booth over other coats; that she then turned to walk to the table reserved for them and her foot became entangled in something and she fell to the floor hitting her knee; that before she walked down the aisle she looked down the aisle and did not see any obstructions or anything protruding from behind the booth, and that she never did see any tray stand. Mrs. Snyder testified that immediately after the fall she observed Mrs. Garfield on the floor and it appeared that her foot was entangled in the tray stand and that the tray stand and Mrs. Garfield went down together. One of defendant's waiters testified that the tray stand was customarily kept folded leaning against the back of the last booth when not

in use; that such stand was leaning against the back of the booth prior to Mrs. Garfield's fall; that he saw her immediately after the fall, and such tray stand was lying flat on the floor about one foot from Mrs. Garfield. A tray stand of the type used in such restaurant was introduced into evidence. It is sometimes called "a scissor," in that it opens and closes like a pair of scissors. When not in use, it is folded up with the legs together and is very compact. The tray stand is about two feet wide when open for use—to place serving trays on it—and it is approximately two and one-half feet high. Mrs. Garfield was permitted to testify, over objection, that immediately after her fall a waitress was by her side and stated to her that so-and-so should not have left the tray there. Mrs. Snyder testified that a waitress near the scene of the fall stated Mrs. Garfield tripped and fell over the tray stand, and that another person also stated that Mrs. Garfield tripped over the tray stand.

Defendant by its first two points of error contends that the judgment should be reversed and rendered because the condition of the premises was open and obvious as a matter of law, and that the judgment is not sustained by the verdict because plaintiffs failed to request open and obvious issues. These points will be discussed together.

It is undisputed that Mrs. Garfield was on the premises as a business invitee of defendant. The occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425 (1950), 20 A.L.R.2d 853. His duty is to protect his invitees from dangers of which he, the occupier, knows or (because of his duty to inspect) of which he should know in the exercise of ordinary care. If there are dangers which are not open and obvious,

he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes the invitees "no duty" to warn or to protect them. This is so because there is "no duty" to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation of them. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex. Sup.1963).

Plaintiffs assert that defendant's first two points of error should be overruled because (1) defendant has no pleadings to support the submission of open and obvious issues; (2) the duty of requesting submission of such issues was on defendant; and (3) there is no evidence in the record to raise an open and obvious no-duty issue.

Mrs. Garfield testified that she never saw the tray stand, and that when she entered the aisle to go to the booth to put up her coat she saw no obstruction in the aisle. There is testimony that the tray stand was customarily kept folded behind the booth where the accident occurred, leaning across the back of the booth, and that on the date of the accident, prior to such fall, the tray stand was in such position, and that when located in such position the tray stand is not visible as you walk down the left aisle towards the rear of the restaurant. The only evidence in the record that anyone saw such tray stand is that of Mrs. Snyder, who testified that she walked to the rear of the restaurant with Mrs. Garfield to put up their coats, and she noticed something back there with some stuff on it, which she took to be the tray stand, that it was not folded, so far as she knew, and that after she put up her coat, instead of following Mrs. Garfield to go to the table she went another way.

However, a condition is not open and obvious unless it is so to the invitee,

and unless he fully appreciates the danger. The question of whether a plaintiff knows of the condition and knows of and appreciates the danger is a subjective one, that is, did this particular plaintiff know and did he appreciate the danger, or the defect must be so obvious as to charge plaintiff with knowledge of it. Greenhill, Assumed Risk, XVI Baylor Law Review 111. Defendant's contention that the condition was open and obvious as a matter of law is without merit.

The problem of whose obligation it is to plead the defense of "no duty" and to request submission of such issues is a more difficult one. Mr. Justice Greenhill in his article in XVI Baylor Law Review aforesaid treats the occupier-invitee "no duty" cases as part of the assumed risk cases. In a recent case, O. M. Franklin Serum Company v. C. A. Hoover & Son, 437 S.W.2d 613 (Tex.Civ.App.—Amarillo 1969), the Court said: "Appellant contends the trial court erred in overruling its motion for judgment non obstante veredicto founded on the assumed risk principle. There were no pleadings to support this affirmative defense. No special issues involving this defense were requested and none were submitted. In the absence of such pleadings and findings, this defense was waived."

■ Under the decisions of this State, the proving of the landowner's duty and a breach of it is a part of plaintiff's case. Halepeska v. Callihan Interests, Inc., supra; Turner v. Victoria County Electric Co-Operative Co., 428 S.W.2d 484 (Tex.Civ.App. —Waco 1968); Greenhill, Assumed Risks, supra. We find no case, however, which holds that this relieves the defendant of the obligation of pleading the defense of "no duty—open and obvious," or of requesting submission of special issues in regard thereto. Mr. Justice Greenhill in his article on Assumed Risk, supra, states that it has not yet been decided by the Supreme Court whose burden it is to request submission of such issues.

In Gillespie v. Wesson, 370 S.W.2d 918 (Tex.Civ.App.—Fort Worth 1963), the Court said: "In a suit for damages brought against the occupier as the defendant,— if he *pleads* the defense of "no duty" in avoidance or as an affirmative defense under the provisions of T.R.C.P. 94, "Affirmative Defenses",—is entitled to cast a burden upon the invitee to prove not only that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but also (upon the defendant's introduction of evidence raising an issue under the defense so pled) to prove as a part of his plaintiff's case that the occupier owed him a duty to take reasonable precautions to warn him or protect him from such danger, i. e., to negative the 'no duty' doctrine invoked by the affirmative defensive pleading. Natalie K. Halepeska v. Callihan Interests, Inc., 6 Tex. Supreme Court Journal, August 3, 1963, pp. 644, 652, * * *." (Emphasis added.) This case was reversed on other grounds by the Supreme Court in Wesson v. Gillespie, 382 S.W.2d 921 (1964), but the Court did not pass on the question of pleading or submission of "no duty" issues, stating: "Assuming, without deciding, that the burden was on the defendant to request the 'no duty' issues, * * *. In view of our disposition of the case, however, it is unnecessary for us to decide these difficult special issue matters on the submission of a 'no duty' case." The most recent case we have found concerning the matter of pleading the 'no duty' doctrine is Eagle Lincoln-Mercury, Inc. v. Hazlewood, 391 S.W.2d 180 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.), in which the Court states in part: In a suit for damages brought by an invitee against the occupier, the latter—as the defendant,—if he *pleads* the defense of 'no duty' in avoidance or as an affirmative defense under the provisions of Texas Rules of Civil Procedure, Rule 94, 'Affirmative Defenses,—is entitled to cast a burden upon the invitee to prove * * *." (Emphasis added.)

■ Defendant in the case before us plead only a general denial, failure to keep a proper lookout, and unavoidable accident.

Neither plaintiffs nor defendant requested any issues on open and obvious. It is our opinion that defendant was obligated to plead the defense of "no duty—open and obvious," and having failed to do so it cannot complain of the court's action in failing to submit any issues thereon. We think such issues are in the nature of inferential rebuttal issues and should be specially pleaded. See Gillespie v. Wesson, supra, 370 S.W.2d at p. 921; Hodges on Special Issue Submission in Texas, Inferential Rebuttal Issues, § 17, p. 44 et seq. Under the pleadings and evidence in this case, we find no error of the court in not submitting any issue on "open and obvious." Defendant's points of error Nos. 1 and 2 are overruled.

Defendant also asserts there is no evidence "that plaintiff tripped on a serving tray stand or that the stand was leaning folded against a booth obstructing the aisle or that the stand was covered by coats or that defendant permitted coats to be put over the stand" (Point No. 6.); that the verdict of the jury is so against "the overwhelming weight and preponderance of the evidence as to be clearly wrong in finding that the tray stand was located against the back of the booth" (Point No. 7.); that the verdict of the jury is so against "the overwhelming weight and preponderance of the evidence as to be clearly wrong in finding that it was negligence for defendant to permit coats to be placed over the booth" (Point No. 8.); that "hearsay is no evidence that plaintiff was caused to fall by becoming entangled in a serving tray stand" and that admission of such hearsay testimony was prejudicially harmful (Point No. 4.); and that "the judgment is not sustained by the verdict because plaintiffs failed to request an issue whether plaintiff tripped on a serving tray stand" (Point No. 3.).

■ Without reviewing the evidence which we have heretofore set forth in some detail, it is our opinion, after careful consideration of the entire record, that the findings of the jury on which the trial court's judgment is based are supported by sufficient evidence.

■ We do not find any error of the court in admitting the spontaneous utterances of the bystanders who observed the accident—we think they were admissible under the rule which admits res gestae statements as an exception to the hearsay rule. Truck Insurance Exchange v. Michling, 364 S.W.2d 172 (Tex.Sup.1963); Parking, Inc. v. Dalrymple, 375 S.W.2d 758 (Tex.Civ.App.—San Antonio 1964, no writ); Missouri, K. & T. Ry. Co. v. Vance, 41 S.W. 167 (Tex.Civ.App.—Austin 1897); 1 McCormick & Ray, Texas Law of Evidence, 2nd Ed. § 924, p. 708. It is generally held that the trial court has considerable discretion in passing upon the admissibility of the statement offered as a part of the res gestae. Truck Ins. Exchange v. Michling, supra; Parking, Inc. v. Dalrymple, supra.

■ Plaintiffs' failure to request an issue as to whether plaintiff tripped on the serving tray stand does not render the verdict and judgment thereon invalid. Under the record, there is no dispute in the evidence as to how Mrs. Garfield fell. It is plaintiffs' theory that her fall and injury were caused by the negligence of defendant in placing and permitting the tray stand to be located against the back of a booth in an area where its business invitees would come to place their coats, and the evidence, both direct and circumstantial, show that the injury could have occurred and did occur in the manner contended by plaintiffs. The cause of an accident may be inferred from the circumstances and both negligence and proximate cause may be established by circumstantial evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Bock v. Fellman Dry Goods Co., 212 S.W. 635 (Tex.Com.App.1919, jdgmt. adopted); Renshaw v. Countess, 289 S.W.2d 621 (Tex. Civ.App.—Fort Worth 1956, no writ). Defendant's points of error Nos. 3, 4, 6, 7 and 8 are overruled.

By its point of error No. 5, defendant asserts that the judgment is not sustained by the verdict because plaintiffs failed to request issues whether defendant created or should have discovered the condition. Plaintiffs assert that point No. 5 should not be considered by this Court because defendant did not object to the failure of the trial court to submit an issue whether defendant created or should have discovered the condition. Defendant objected to the court's charge on the ground that there was no issue inquiring whether or not the defendant could have discovered the condition. Under Rule 274, Texas Rules of Civil Procedure, "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections." Safeway Stores, Inc. v. Bozeman, 394 S.W.2d 532 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); Hodges, Special Issue Submission in Texas, § 61, p. 155.

Assuming, without deciding, that such point of error was properly preserved for appellate review, we find no reversible error of the trial court in failing to submit the issue raised in this point. Under the undisputed evidence, the use of the serving tray stand was under the control and direction of defendant, and the tray stand was left in an area where defendant's business invitees would go to place their coats and hats, and plaintiff, one of defendant's business invitees, fell or tripped over such tray stand and was injured as a result thereof. No issues complained of by defendant in this point of error were requested by defendant and its point of error No. 5 is overruled.

By its point of error No. 9, defendant contends that the verdict of the jury is contrary to the overwhelming weight and preponderance of the evidence in finding that the failure of plaintiff to keep a proper lookout was not a proximate cause of the accident. Defendant asserts that the failure to keep a proper lookout was a proximate cause of the accident as a matter of law because all that plaintiff had to do was to stop walking before she reached the tray stand or walk around it and the accident would not have occurred.

Ordinarily, the issue of proximate cause is a question of fact for determination by the jury, Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951); Western Development Corp. v. Simmons, 124 S.W.2d 414 (Tex.Civ.App.—El Paso 1939, writ ref'd); 40 Tex.Jur.2d, § 165, and in order for a court to hold as a matter of law that a certain negligent act was a proximate cause of the accident, the facts must be so clear that reasonable minds could not arrive at a different conclusion. International-Great Northern R. Co. v. Casey, 46 S.W.2d 669 (Tex.Com.App.1932, holding approved); Cave v. Texas & Pacific Ry. Co., 296 S.W.2d 558 (Tex.Civ.App.—Eastland 1956, writ ref'd n. r. e.); Texas & N. O. R. Co. v. Stewart, 248 S.W.2d 177 (Tex.Civ.App.—Waco 1952, writ ref'd n. r. e.); 40 Tex.Jur.2d § 165, p. 710. Under the record the jury's answer that plaintiff's failure to keep a proper lookout was not a proximate cause of the accident is sufficiently supported by the evidence.

Defendant, by its point of error No. 10, contends that the court erred in overruling its motion for mistrial made on the ground that the word "insurance" was injected into the case by plaintiffs' witness during the cross-examination of one of plaintiffs' witnesses by defendant's attorney. Such witness, in an unresponsive answer, testified that defendant's manager went to the telephone immediately after the accident to call the insurance company. It does not appear from the record that a motion for mistrial was made at that time, nor was any objection made to such testimony, or any motion to disregard or strike. Thereafter,

during the trial, defendant's own witness, a vice-president and general manager of defendant, in a voluntary and unsolicited statement testified that he was advised of the accident and immediately contacted the insurance people. Defendant complains only of the injection of insurance by plaintiffs' witness and not of the injection of insurance by its own witness. Both statements were voluntary and unsolicited and were not evoked by any fault of plaintiffs or their attorney.

■ The mention of insurance does not always require a reversal in a personal injury case. St. Louis Southwestern Ry. Co. v. Gregory, 387 S.W.2d 27 (Tex.Sup.1965); Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup. 1962). The latter was a case involving the injection of insurance by the plaintiff and the Supreme Court, in holding that mention of insurance does not always require reversal in personal injury actions, stated the following rule: "Under our practice an appellate court is not authorized to reverse merely because the record discloses some error that is reasonably calculated to cause a miscarriage of justice. The party appealing must also show that it probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure." There is nothing in the record to indicate that the jurors discussed or considered the matter of insurance.

■ Our Supreme Court in Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759 (1939), said: "It is a well settled rule in this jurisdiction that it is error to inform the jury that the defendant in an action for damages for personal injuries is protected by indemnity insurance. * * * (Citing cases.) But that rule has no application when the defendant, or one of his

witnesses, voluntarily brings such information to the jury, and it is not brought through any fault of the plaintiff or his attorneys." See also Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938 (1944); Bishop v. Carter, 408 S.W.2d 520 (Tex.Civ.App.—Waco 1966); Flatt v. Hill, 379 S.W.2d 926 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). Defendant's point of error No. 10 is overruled.

Defendant by point of error No. 11 asserts that the court erred in refusing defendant's requested instruction on the doctrine of avoidable consequences.[1] There was evidence that Mrs. Garfield had fallen while descending from the stands at a horse show subsequent to her fall in defendant's restaurant and this caused some aggravation of the injury. The evidence discloses that approximately a year after the El Rancho fall Mrs. Garfield was attending a horse show, in which her daughters were participating, and as she was coming down from the stands her leg gave way and she fell, striking her knee.

Our Supreme Court in City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W.2d 480 (1943), said: "The principle of law governing in this state of the record is stated in 15 Am.Jur., Damages, § 83, as follows:

'One who has received a personal injury as a result of the negligence of another can recover all damages proximately traceable to the primary negligence, including subsequent aggravations the probability of which the law regards as a sequence and natural result likely to flow from the original injury. Generally speaking, if the injured person conducts himself as would a reasonably prudent person in his situation and circumstances, but by his subsequent conduct innocently aggravates the harmful effect ⸗of the

---

1. "In connection with issues Nos. 11, 12 and 13 you are instructed in connection with injuries and damages, if any, not to consider anything for the physical pain and suffering, nor for the lost or diminished capacity to earn money of Betty I. Garfield, nor for the loss of aid, comfort and assistance and society to Warran Garfield because of the failure of Betty I. Garfield in taking reasonable care of the injury and in preventing any aggravation of the injury."

original injury, whatever damage may be attributed to such aggravation of the injury is considered the proximate result of the original injury and recoverable as a part of the damages therefor. The original wrongful act is deemed the proximate cause of the entire injury, provided the act of the injured person which aggravates the injury is within the course of conduct of a reasonably prudent person under all the circumstances.' "

There is nothing in the record to indicate that Mrs. Garfield was not acting as a reasonable and prudent person under the situation and circumstances, and we find no error of the court in refusing to submit defendant's requested instruction.

Plaintiffs assert three cross points of error, but we do not deem it necessary to pass on the first two in view of our holding herein.[2] By their third cross point of error plaintiffs contend that the trial court erred in refusing to enter judgment for plaintiff Warren Garfield, for the use and benefit of the United States of America. Warren Garfield was an officer in the Armed Forces and a considerable portion of the medical and hospital services received by Mrs. Garfield was furnished by the United States Government. No damage issue pertaining to medical and hospital expenses was submitted to the jury, and it does not appear from the record that any such issues were requested by plaintiffs or that any objection was made by plaintiffs to the court's charge. We find no basis for any such recovery to plaintiff Warren Garfield under the record before us and plaintiffs' cross point No. 3 is overruled.

The judgment of the trial court is affirmed.

2. "CROSS POINT NO. I. There is no evidence to support the finding of the jury that plaintiff failed to keep a proper lookout."

   "CROSS POINT NO. II. The verdict of the jury is so contrary to the over-whelming weight and preponderance of the evidence as to be clearly wrong in finding that plaintiff, Betty Garfield, failed to keep a proper lookout."