Roy CHAPIN, Appellant,

v.

Arthur E. HUNT, Appellee.

No. 7674.

Court of Civil Appeals of Texas, Beaumont.

March 13, 1975.

Rehearing Denied April 10, 1975.

---

Bradshaw & Bynum, Zola B. Blicker, Dallas, for appellant.

McGuire, Levy & Collins, Irving, for appellee.

DIES, Chief Justice.

We review a rear-end collision involving four vehicles. The first was occupied by plaintiff Hunt, the second was a large Roadway truck, the third driven by Clark, and the fourth that of the defendant Chapin. It was alleged that defendant Chapin negligently rear-ended Clark, who in turn struck the Roadway truck, which then rear-ended plaintiff's vehicle. Trial was to a jury, which convicted defendant of negligence in several respects and that each was a proximate cause of the "multiple collision." From a judgment for plaintiff, defendant Chapin appeals. The parties will be referred to as below.

The first six points of defendant involved causation.

> "It is submitted there is no evidence or insufficient evidence to establish any act or omission on the part of Defendant that caused any injury or damage to Plaintiff or that the impact between Defendant's vehicle and the Clark vehicle caused a forty foot loaded tractor-trailer unit to strike Plaintiff's vehicle." (Appellant's Brief at 8)

Plaintiff's son, Arthur E. Hunt, Jr., was a passenger in plaintiff's pickup at the time of the collision. Plaintiff was driving. They were on Stemmons Freeway when they were stopped by a policeman because

of construction work. After being stopped "maybe about thirty seconds," they were hit from the rear. There was no other vehicle between the Hunt pickup and the police officer. The impact was severe. When he got out he saw "a big large tractor-trailer behind us, then another passenger car and a cattle truck behind that. . . ." An ambulance was called to take plaintiff to the hospital.

Harold E. Clark was following a Roadway truck on Stemmons Freeway when the traffic came to a halt. He was hit from the rear by defendant's cattle truck and "knocked" under the Roadway truck. Clark's car was "totaled" with damage to the front and rear that "just made it look kind of like an accordion."

Defendant Roy Chapin was driving a two-ton 69 Chevrolet truck in which he had just transported some hogs to market. He was behind the Clark vehicle driving 40 or 45 m. p. h. There was nothing to block his front vision. After the impact he "stopped right in the middle of the road. . . . Pretty sudden."

Plaintiff Hunt was stopped by a police officer because of construction work. He was at dead stop, looking at the police officer when hit from the rear. He later learned he was struck by a Roadway Express. He had no warning beforehand. His pickup was damaged considerably.

Police Officer Daniel H. Barber investigated the collision shortly after it happened and confirmed damage to the front of defendant's vehicle, damage to the front and rear of the Clark vehicle, damage to the front and rear of the Roadway truck, and damage to the rear of plaintiff's vehicle.

We agree with defendant that the mere fact of a collision occurring does not relieve plaintiff of his burden of proving that defendant committed a negligent act proximately causing the collision. Daggett v. McReynolds, 459 S.W.2d 475, 477 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); and in Texas, the mere occurrence of a rear-end collision does not constitute negligence as a matter of law. Perez v. Fusbahn, 501 S.W.2d 475 (Tex. Civ.App.—Austin 1973, no writ). Plaintiff's burden of proximate cause here involved cause in fact and foreseeability. East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466 (Tex.1970). See Southwest Wheel & Manufacturing Co. v. Sholts, 501 S.W.2d 387 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.); Prosser, The Law of Torts § 41 at 240 (4th Ed. 1971).

While we believe that Officer Barber's testimony constituted direct proof that defendant's negligence (as found by the jury) was a proximate cause of the collision, nevertheless, this—the element of proximate cause—may be established by circumstantial evidence. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W. 2d 698 (1940); Thoreson v. Thompson, 431 S.W.2d 341 (Tex.1968). The above summarized evidence constituted sufficient proof—even without the testimony of the driver of the Roadway truck—that defendant's act in rear-ending the Clark vehicle set in motion a chain which ended with the Roadway truck rear-ending plaintiff's vehicle. Defendant's first six points are overruled.

Defendant's seventh through eleventh points complain of the jury's answers to Issues Nos. 12, 13, and 14 as not supported by evidence of any causal connection between any negligent act of defendant and any loss of earnings, and supported by no or insufficient evidence. To Issue No. 12 the jury found plaintiff's past earning loss and the loss of future earning capacity to be $25,000. Issue No. 13 awarded him $665.50 for past medical expenses while Issue No. 14 awarded plaintiff $5,000 for future medical.

Hunt, Jr., testified his father (plaintiff) prior to the collision was always working seven days a week. Thereafter, he was "miserable all the time, hard to get along with, constantly in pain. . . ." He

often did no work after the collision and hired additional "hands" to help out.

Plaintiff said his health was good prior to the collision but that the collision injured his neck, back, and feet. He stayed off the job completely six to eight weeks after the collision because of this pain. This required his hiring other workers. During the last six months of 1971 (the year of the collision) he worked half time. The pains have persisted up until the time of the trial (June 11, 1974). In the four or five years prior to these injuries he had earned $7,000 to $7,500 a year. When he has to hire additional help because of his condition he pays them $8.81 an hour. He is still on pills and turned down work during 1972 and 1973. He lost $4,000 the first six months of 1971 following the collision.

Roger W. O'Neill, plaintiff's accountant, testified that plaintiff's income the last six months of 1970 was $5,986.21 and that for the first six months of 1971 following the collision it was $1,209.86.

Dr. David R. Evans examined plaintiff in December 1972. He found muscle spasms of the spinal column attributed to the accident, for which he was treated through February, 1973. He was last seen June 10, 1974, at which time his condition remained about the same; that these injuries have given plaintiff a fifty percent disability; that his injuries would require treatment costing $25 a month indefinitely.

We believe the above-summarized evidence does support a causal connection between the accident and plaintiff's injuries, and further support the jury's findings as to past earnings lost and the loss of future earning capacity. These points are overruled.

■ Defendant also complains of the failure of the trial court to grant a mistrial because of the injection that defendant was covered by insurance.

While witness Clark was on the stand, the following occurred:

"Q. Did you have any conversations with the driver of the cattle truck there at the scene, sir?

"A. Oh, yes, he gave me his insurance name, I believe."

This was unresponsive, and there is no showing it caused the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434. Dennis v. Hulse, 362 S.W.2d 308 (Tex.1962); Boddy v. Canteau, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.); Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938 (1944); Bishop v. Carter, 408 S.W.2d 520 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.). This point is overruled.

■ There is, however, no proof that the future medical expense was or would be reasonable. This, in Texas, is an indispensible requirement to recover damages for future medical expenses. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 382 (1956). See American Bankers Insurance Company v. Lovell, 415 S.W.2d 705, 706 (Tex.Civ.App. —Amarillo 1967, no writ); Gulf, Colorado & Santa Fe Railroad v. Parmer, 389 S.W. 2d 558, 565 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.).

If plaintiff, Arthur E. Hunt will within 10 days of the date of this opinion file a remittitur in the amount of $5,000 (future medical award), the judgment of the trial court will be reformed and affirmed; otherwise, it will be reversed and remanded.

The judgment is affirmed, conditionally.